**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

YUGA LABS INC.,

     Plaintiff(s),

v.

RYDER RIPPS, et al.,

     Defendant(s).

Case No. 2:23-cv-00010-APG-NJK

**Order**

[Docket Nos. 2, 3, 4]

This miscellaneous case involves a dispute regarding a subpoena for deposition testimony and documents related to a trademark infringement action pending in the Central District of California. The initial filings in this matter are defective on at least a few fronts.[1]

First, although the papers are voluminous, the Court has not identified therein any proof of service showing that the non-party from whom discovery is sought (Ryan Hickman) has been served with any of the filings. *But see* Local Rule 5-1. Given that it has not been shown that these papers were served, the Court will strike them from the docket. *Id.*

Second, Plaintiff has filed a motion to seal and redact, along with filing on the public docket papers with proposed redactions. *See* Docket Nos. 3, 4. The Court itself cannot see the information at issue given the manner of filing, however, because Plaintiff did not file under seal the exhibit for which sealing is sought or a non-redacted version of the documents for which redaction is sought. *But see* Local Rule 10-5(a). Without seeing this information, the Court cannot meaningfully evaluate either the underlying dispute or the sealing/redaction request.[2]

---

[1] The Court does not provide an exhaustive list of the local rules that may be implicated by these filings. Counsel must ensure that their filings moving forward comply with all local rules.

[2] The Court expresses no opinion herein as to whether the information at issue is properly kept secret from the public. For clarity moving forward, however, the Court notes that the mere fact that a document has been designated as confidential pursuant to a protective order is not sufficient justification to seal that document once filed on the docket. *See Foltz v. State Farm Mut.*

1

Third, personal identifying information listed in Local Rule IC 6-1 must be redacted and a motion to seal need not be filed with respect to that information.  The redactions made with respect to personal identifying information in the current papers, however, are overly broad.  *Compare* Docket No. 4 at 120 (appearing to redact entirety of non-party Hickman's address) *with* Local Rule IC 6-1(a)(5) (indicating that "the city and state" of the address should be identified).[3]

In light of the above, the certificate of interested parties (Docket No. 2), the motion to seal/redact (Docket No. 3), and the motion to compel (Docket No. 4) are hereby **STRICKEN**. These papers must be refiled in accordance with the local rules by January 12, 2023.

IT IS SO ORDERED.

Dated: January 6, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

*Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  The designating party will be required to establish sufficient justification to keep any such document secret after any renewed motion to seal/redact is filed. *See, e.g.*, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

[3] Such information may be pertinent to the Court's review of its jurisdiction.  *Cf. Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555, at *4 (D. Nev. Aug. 15, 2014).