JOHN D. TENNERT III (NSB No. 11728)
jtennert@fennemorelaw.com
FENNEMORE CRAIG P.C.
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
Telephone: 702.692.8000
Facsimile: 702.692.8099

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

(California Attorneys will comply with LR IA 11-2 within 14 days)

Attorneys for Plaintiff
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YUGA LABS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RYDER RIPPS and JEREMY CAHEN,<br><br>Defendants. | Case No.: 2:23-cv-00010-APG-NJK<br><br>**[USDC, Central District of California Civil Case No. 2:22-cv-4355-JFW-JEM]**<br><br>**YUGA LABS, INC.'S MOTION TO REDACT PORTIONS OF ITS MOTION TO COMPEL NON-PARTY RYAN HICKMAN'S COMPLIANCE WITH SUBPOENA AND DECLARATION OF KIMBERLY CULP IN SUPPORT THEREOF AND TO SEAL EXHIBIT P THERETO** |

Yuga Labs, Inc. (Yuga Labs) hereby moves the Court for an order redacting its Motion to Compel Non-Party Ryan Hickman's Compliance with Subpoena ("Motion to Compel") and Declaration of Kimberly Culp in Support of Plaintiff Yuga Labs, Inc.'s Motion to Compel Non-Party Ryan Hickman's Compliance with Subpoena ("Culp Declaration"), filed concurrently herewith, and sealing Exhibit P thereto. Portions of the Motion to Compel, the Culp Declaration and Exhibit P thereto include confidential, non-public information designated Confidential under the Discovery Matter Stipulation and Protective Order ("Protective Order") entered on October 11, 2022 (ECF No. 51). In order to protect the confidentiality of the non-party's sensitive, non-public information, Yuga Labs seeks an order from the Court permitting the redaction of portions of the Motion to Compel and Culp Declaration and permitting the filing of Exhibit P under seal.

Dated: January 6, 2023           FENNEMORE CRAIG P.C.


By:     /s/ John D. Tennert III
        JOHN D. TENNERT III (NSB 11728)

        and

        FENWICK & WEST LLP

        ERIC BALL (CSB No. 241327)
        KIMBERLY CULP (CSB No. 238839)
        ANTHONY M. FARES (CSB No. 318065)
        ETHAN M. THOMAS (CSB No. 338062)
        (Will comply with LR IA 11-2 within 14 days)

        *Attorneys for Plaintiff Yuga Labs, Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. LEGAL STANDARD

Public "access to judicial records is not absolute." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). There is a "strong presumption of access to judicial records" for dispositive pleadings, including motions for summary judgment. *Id.* at 1179. However, courts permit sealing a parties' confidential, non-public information when "compelling reasons" of non-disclosure outweigh those favoring public access. *Id.* "Protective orders and filings under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated." *In re Adobe Sys. Inc. Secs. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992) (citing *Johnson Controls, Inc. v. Phoenix Control Sys.*, 886 F.2d 1173, 1176 (9th Cir. 1989); *Henry Hope X-Ray Prods. Inc. v. Marron Carrel, Inc.*, 674 F.2d 1336, 1343 (9th Cir. 1982)).

## II. ANALYSIS

Yuga Labs requests leave of this Court to redact portions of its Motion to Compel and Culp Declaration and seal Exhibit P thereto pursuant to the Protective Order. Section 2 of the Protective Order provides that, among other things, "commercial, financial, technical and/or proprietary information; [and] sensitive personal information" shall receive "[s]pecial protection from public disclosure or disclosure to competitors, and from use for any purpose other than prosecution of this action…" "Protected Material," as defined by the Protective Order, consists of "[a]ny Disclosure or Discovery Material that is designated as 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.'" Section 3 further provides that a party *or a nonparty* (emphasis added) to the action may designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Under Section 8 of the Protective Order, a party that receives Protected Material from a producing party may disclose such information in certain limited circumstances, including to "[t]he author or recipient of a document containing the information or a custodian or other person who otherwise

possessed or knew the information," or during the depositions of persons when "(1) such documents or information were authored by, addressed to, or received by such persons." For deposition transcripts, "the original and all copies of any transcript, in whole or in part, [shall] be marked 'CONFIDENTIAL'" by any party to the deposition to gain protection under the Protective Order. Section 6.3(b) of the Protective Order states that: "This request may be made orally during the proceeding or in writing within thirty (30) days of receipt of the transcript of the proceeding."

Here, a non-party to this Action produced designated material as "CONFIDENTIAL" pursuant to Section 3 of the Protective Order in response to a subpoena served on them. This Protected Material was disclosed at Ryan Hickman's deposition, as permitted by Section 8 of the Protective Order. Accordingly, Yuga Labs designated the deposition transcript as "CONFIDENTIAL" to preserve the third-party subpoena respondent's designation of his documents as "CONFIDENTIAL." The Motion to Compel and Culp Declaration cite to and discuss excerpts from Ryan Hickman's deposition transcript (Exhibit P). Therefore, good cause exists to redact those portions of the Motion to Compel and Culp Declaration and to seal Exhibit P at this time.

Based on the foregoing and good cause showing, Yuga Labs respectfully requests that this Court allow it to file Exhibit P under seal and redact those portions of the Motion to Compel and Culp Declaration that quote and/or reference information that has been designated as "CONFIDENTIAL" under the Protective Order. Yuga Labs further requests that such information remain sealed until further order of the Court.

Dated: January 6, 2023

FENNEMORE CRAIG P.C.

By: */s/ John D. Tennert III*
JOHN D. TENNERT III (NSB 11728)

and

FENWICK & WEST LLP

ERIC BALL (CSB No. 241327)
KIMBERLY CULP (CSB No. 238839)
ANTHONY M. FARES (CSB No. 318065)
ETHAN M. THOMAS (CSB No. 338062)

(Will comply with LR IA 11-2 within 14 days)
*Attorneys for Plaintiff Yuga Labs, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2023, I served a true and correct copy of the following documents via email and U.S. mail:

- YUGA LABS, INC.'S MOTION TO REDACT PORTIONS OF ITS MOTION TO COMPEL NON-PARTY RYAN HICKMAN'S COMPLIANCE WITH SUBPOENA AND DECLARATION OF KIMBERLY CULP IN SUPPORT THEREOF AND SEAL EXHIBIT P THERETO

addressed as follows:

**Derek A. Gosma**
**Henry Michael Nikogosyan**
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue Suite 2400
Los Angeles, CA 90071
213-443-5308
Fax: 213-443-5400
Email: derek.gosma@wilmerhale.com
Henry.Nikogosyan@wilmerhale.com
*Attorneys for Defendants*

**Louis W. Tompros**
**Monica Grewal**
**Scott W. Bertulli**
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
617-526-6886
Fax: 617-526-5000
Email: louis.tompros@wilmerhale.com
monica.grewal@wilmerhale.com
scott.bertulli@wilmerhale.com
*Attorneys for Defendants*

Served via email, U.S. mail addressed as follows:

**Ryan Hickman**
260 Sidewheeler Street
Henderson, NV 89012
Email: kingsrborn@gmail.com

                                              */s/ Susan Whitehouse*
                                       An Employee of Fennemore Craig, P.C.