JOHN D. TENNERT III (NSB No. 11728)
jtennert@fennemorelaw.com
FENNEMORE CRAIG P.C.
9275 W. Russell Road, Suite 240
Las Vegas, NV  89148
Telephone: 702.692.8000
Facsimile: 702.692.8099

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

(California Attorneys will comply with LR IA 11-2 within 14 days)

Attorneys for Plaintiff
YUGA LABS, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YUGA LABS, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>RYDER RIPPS and JEREMY CAHEN,<br><br>    Defendants. | Case No.: 2:23-cv-00010-APG-NJK<br><br>**[USDC, Central District of California Civil Case No. 2:22-cv-4355-JFW-JEM]**<br><br>**YUGA LABS, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL NON-PARTY RYAN HICKMAN'S COMPLIANCE WITH SUBPOENA**<br><br>ORAL ARGUMENT REQUESTED |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO COMPEL..................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 2

I.    INTRODUCTION .................................................................................................. 2

II.   STATEMENT OF RELEVANT FACTS .............................................................. 3

III.  DISCOVERY ISSUE TO BE DECIDED.............................................................. 5

IV.   ARGUMENT ......................................................................................................... 5

      A.    The Information Sought Is Relevant And Useful. ...................................... 6

           1.    Mr. Hickman's Production Of Discord Documents Is Plainly Deficient............................................................................................... 6

           2.    Mr. Hickman Confirmed Email Communications Exist But Did Not Produce Them .................................................................................. 8

           3.    Mr. Hickman Confirmed Non-Public Twitter Communications But Did Not Produce Them ......................................................................... 8

           4.    Mr. Hickman Confirmed Text Communications But Did Not Produce Them ...................................................................................... 9

           5.    Mr. Hickman Confirmed The Existence Of Google Drive Documents But Did Not Produce Them ............................................... 10

      B.    Ryan Hickman Has No Basis For Withholding This Highly Relevant Information ............................................................................................... 10

      C.    Ryan Hickman's Actions Justify A Contempt Ruling And An Order Requiring Him To Pay Yuga Labs For Losses Incurred In Making This Motion ......................................................................................................... 12

V.    CONCLUSION..................................................................................................... 13

FENWICK & WEST LLP
ATTORNEYS AT LAW

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alutiiq Int'l Sols., LLC v. OIC Marianas Ins. Corp.*,
    No. 10-cv-01189, 2018 U.S. Dist. LEXIS 43591 (D. Nev. Mar. 15, 2018) ........................ 10

*General Signal Corp. v. Donallco, Inc.*,
    787 F.2d 1376 (9th Cir. 1986) ............................................................................................... 12

*Johansen v. Mutual of Omaha Ins. Co.*,
    No. 18-cv-00325, 2018 WL 3381398 (D. Nev. Jul. 11, 2018) ............................................... 6

*Kelly v. Hickman*,
    No. 17-cv-02409, 2021 WL 3361701 (D. Nev. Mar. 31 2021) ............................................... 6

*Luv N' Care, Ltd. v. Laurain*,
    No. 18-cv-02224, 2019 WL 4696399 (D. Nev. Sept. 26, 2019)............................................ 12

*Munoz v. Chartis Property Cas. Co.*,
    No. 14-CV-0087, 2014 WL 3375509 (D. Nev. Jul. 7, 2014) .................................................. 6

*Pennwalt Corp. v. Durand-Wayland, Inc.*,
    708 F.2d 492 (9th Cir. 1963) ............................................................................................... 12

*Starr Indemnity & Liability Co. v. Young*,
    No. 14-cv-00239, 2018 WL 11409452 (D. Nev. Apr. 30, 2018).......................................... 12

*V5 Technologies v. Switch, Ltd.*,
    332 F.R.D. 356 (D. Nev. 2019)......................................................................................11, 12

**Other Authorities**

Fed. R. Civ. P.
    26(b)(1) .................................................................................................................................. 6
    45(a) advisory committee's note to 1991 Amendment ....................................................... 12
    45(a)(1)(C) ............................................................................................................................. 5
    45(g) ..................................................................................................................................... 12

*The Rutter Group, Federal Civil Procedure Before Trial*, Calif. and 9th Circuit
    Eds.,
    § 11:2305 (2007)..................................................................................................................... 5

FENWICK & WEST LLP
ATTORNEYS AT LAW

## NOTICE OF MOTION AND MOTION TO COMPEL

**PLEASE TAKE NOTICE** that on a hearing date set by this Court at the United States District Court for the District of Nevada, 333 S. Las Vegas Boulevard, Las Vegas, Nevada, Plaintiff Yuga Labs, Inc. ("Yuga Labs" or "Plaintiff") will and hereby does move to compel third party Ryan Hickman, pursuant to Federal Rules of Civil Procedure 26, 37 and 45, and Civil Local Rules 7-2 and 26-6, to produce documents responsive to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("the November Subpoena"), attached to the Declaration of Kimberly Culp as Exhibit K.

Plaintiff's motion is based upon this Notice and Motion, the Memorandum of Points and Authorities, the accompanying Declaration of Kimberly Culp in support of Yuga Labs' motion and exhibits attached thereto, the pleadings and papers on file with the Court in this matter, and such further argument and evidence which may be presented at or before a hearing.

Dated:    January 6, 2023                    FENNEMORE CRAIG P.C


By:    _/s/ John D. Tennert III_
            JOHN D. TENNERT III (NSB 11728)

and

FENWICK & WEST LLP
ERIC BALL (CSB No. 241327)
KIMBERLY CULP (CSB No. 238839)
ANTHONY M. FARES (CSB No. 318065)
ETHAN M. THOMAS (CSB No. 338062)
(Will comply with LR IA 11-2 within 14 days)
_Attorneys for Plaintiff Yuga Labs, Inc._

FENWICK & WEST LLP
ATTORNEYS AT LAW

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3

In early 2021, Yuga Labs created and developed the smart contract behind the Bored Ape

4 Yacht Club (a.k.a. "BAYC"), which consists of unique collectible works of digital art (each an

5 NFT) when executed on the Ethereum blockchain.  Only 10,000 unique BAYC NFTs were

6 created as part of this collection.

7

On June 24, 2022, Yuga Labs filed suit against Defendants Ryder Ripps and Jeremy

8 Cahen ("Defendants") in the Central District of California for, among other things, trademark

9 infringement.  Declaration of Kimberly Culp in support of Yuga Labs' Motion ("Culp Decl.") at

10 ¶ 2, Ex. A.  Defendants' business venture infringes Yuga Labs' BORED APE YACHT CLUB,

11 BAYC, BORED APE, APE, BA YC Logo, BA YC BORED APE YACHT CLUB Logo, and

12 Ape Skull Logo trademarks (the "BAYC Marks") and uses these same marks to promote and sell

13 RR/BAYC NFTs.  Defendants have used every opportunity to make these RR/BAYC NFTs

14 resemble the authentic BAYC NFTs as closely as possible to confuse consumers into buying

15 them.  Defendants were trolling Yuga Labs and scamming consumers into purchasing RR/BAYC

16 NFTs by misusing Yuga Labs' trademarks.  They seek to profit off their copycat NFT collection

17 using the original Bored Ape Yacht Club images and names and using the goodwill of the BAYC

18 Marks to market and sell their infringing NFTs.  Brazenly, they promote and sell these infringing

19 RR/BAYC NFTs using the very same trademarks that Yuga Labs uses to promote and sell

20 authentic BAYC NFTs on the very same NFT marketplaces where BAYC NFTs are sold.

21

Prior to the Complaint being filed against Defendants, and as part of their infringing

22 business venture, they announced the launch of an entire NFT marketplace called "Ape Market"

23 (at www.apemarket.com) solely to sell their RR/BAYC NFTs alongside authentic Yuga Labs

24 NFTs (specifically BAYC NFTs).  Here too, Defendants are using Yuga Labs' trademarks to

25 market and sell their infringing products and service.  Specifically, in order to join Ape Market,

26 users must first purchase one of Defendants' infringing RR/BAYC NFTs.  Defendants advertised

27 that Ape Market would allow users to buy and sell official BAYC NFTs while bypassing Yuga

28 Labs' creator fees and the customary royalties paid through NFT marketplaces like OpenSea.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Mr. Hickman was instrumental in helping Defendants execute their scam.  He helped them code an online contract through which consumers could reserve the infringing RR/BAYC NFTs.  He also helped them code multiple websites that use Yuga Labs' trademarks and on which Defendants promoted their infringing NFTs: www.rrbayc.com and www.apemarket.com. In coding Ape Market, Mr. Hickman informed Defendants that it would be difficult to get RR/BAYC NFTs and BAYC NFTs to exist on Ape Market together because having them together would be confusing.  Mr. Hickman also helped develop promotional materials for Defendants to market the RR/BAYC NFTs and further distribute these infringing marks.  Mr. Hickman, like Defendants, used the BAYC Marks in commerce to advertise, promote, and sell RR/BAYC NFTs on secondary marketplaces and on the rrbayc.com and apemarket.com websites.  Defendant Ripps paid Mr. Hickman a percentage of the sales of RR/BAYC NFTs and planned to pay him an equal share of future royalty earnings from Ape Market to compensate Mr. Hickman for his assistance in performing the scam.

Therefore, to learn more about what communications Defendants had with Mr. Hickman about: (1) the use of the BAYC Marks in connection with the sale of RR/BAYC NFTs and on Defendants' two websites to market and sell the infringing RR/BAYC NFTs; and (2) Mr. Hickman's efforts to help effectuate the scam, Yuga Labs caused Mr. Hickman to be served with two subpoenas, one of which is the subject of this Motion.

## II.    STATEMENT OF RELEVANT FACTS

On September 9, 2022, Yuga Labs served Mr. Hickman with a subpoena that called for the production of documents by September 23, 2022 ("September Subpoena").  Culp Decl. ¶¶ 4-5, Ex. B.  Mr. Hickman responded to the September Subpoena by email on September 29, 2022, almost a week after the date of production had passed.  *Id.* ¶ 7, Ex. E.  Mr. Hickman did not assert any objections to the document requests or the subpoena and purported to respond to the subpoena by providing some responsive documents (only six images).  *Id.*  Thereafter, Yuga Labs sought to meet and confer with Mr. Hickman regarding his deficient responses.  *Id.*  Yuga Labs contacted Mr. Hickman on four separate occasions to schedule the meet and confer.  *Id.* ¶¶ 7-8, Exs. E-F.  Although Yuga Labs sought to speak with Mr. Hickman, no such verbal meet and

FENWICK & WEST LLP
ATTORNEYS AT LAW

confer took place.  *See id.* ¶¶ 6-11.  On October 13, 2022, Mr. Hickman responded that he was in the process of engaging counsel.  *Id.* ¶ 10, Ex. H.

On October 21, 2022, Mr. Hickman's counsel notified Yuga Labs' counsel that he had been retained by Mr. Hickman.  Culp Decl. ¶ 12.  Mr. Hickman's lawyer asked for more time to produce Mr. Hickman's responsive documents to Yuga Labs in compliance with the September Subpoena.  *Id.*  The subpoena called for a production to Yuga Labs' counsel in Mountain View, California (Culp Decl. ¶ 4, Ex. B) but Yuga Labs was willing to accept delivery by email (Culp. Decl. ¶ 4, Ex. C.)  Mr. Hickman's lawyer and Yuga Labs' lawyer agreed that Mr. Hickman would have until November 11, 2022 to complete his document production in response to the September Subpoena.  *Id.* ¶ 12.  Mr. Hickman's lawyer confirmed that he was familiar with the documents Yuga Labs sought and did not expect it would take a substantial amount of time to work with Mr. Hickman to complete his production.  *Id.*

On November 11, 2022, Mr. Hickman's lawyer withdrew as counsel.  Culp Decl. ¶ 14, Ex. J.  That same day, Yuga Labs' counsel contacted Mr. Hickman (by email to the same address where they had previously corresponded) to notify him that they were aware that his lawyer withdrew as counsel and to inform him that his document production remained non-compliant with the September Subpoena.  *Id.*  Mr. Hickman did not respond.  *Id.*

On November 14, 2022, Yuga Labs served Mr. Hickman with a second subpoena (hereinafter "November Subpoena") that called for his deposition and production of documents on November 28, 2022.  Culp Decl. ¶ 15, Ex. K.  The documents sought in the November Subpoena were for a subset of the documents sought in the September Subpoena.  *Compare id.* ¶ 15, Ex. K *with id.* ¶ 4, Ex. B.  On November 18, 2022, Yuga Labs also sent Mr. Hickman a letter (via email and overnight delivery) reminding him of his obligation to appear at his deposition with the requested documents.  *Id.* ¶ 16, Ex. L.

On November 23, Mr. Hickman emailed Yuga Labs and requested that the date of compliance be extended to December 6 or December 7.  Culp Decl. ¶ 17, Ex. M.  Yuga Labs agreed to the extension and emailed Mr. Hickman an amended subpoena reflecting the new December 7, 2022 date of compliance.  *Id.* ¶¶ 17-18, Exs. M-N.  On December 5, 2022, Yuga

FENWICK & WEST LLP
ATTORNEYS AT LAW

Labs reminded Mr. Hickman of the deposition and his obligation to produce documents at the deposition.  *Id.* ¶ 19, Ex. O.

Mr. Hickman appeared for his deposition on December 7, 2022 but failed to produce any documents.  Culp Decl. ¶ 20.  He did not produce any objections and his only stated justification for failing to produce documents was that he did not have time or administrator access (although he could log in) to certain unspecified software.  *Id.* ¶ 20, Ex. P (Hickman Deposition) at 27:10-22.  Mr. Hickman also confirmed at his deposition that he had records responsive to the November Subpoena, including records that had not been produced in the litigation and would not be accessible by Defendants.  *Id.* ¶ 20, Ex. P at 62:25-64:4, 169:9-19.

Following the deposition, Mr. Hickman agreed to fulfill his obligations under the November Subpoena and produce all responsive documents by December 19, 2022.  Culp Decl. ¶ 21, Ex. Q.  Yuga Labs agreed to delay the filing of this Motion based on Mr. Hickman's promise that he would produce documents by December 19, 2022 and provided Mr. Hickman with a detailed list of documents it expected to receive by that date.  *Id.*  December 19, 2022 came and went and Mr. Hickman still had not produced any documents.  *Id.* ¶ 22.  On December 20, 2022, Mr. Hickman produced two folders of source code and a single PDF containing incomplete Discord chat screenshots from one private group channel with Defendants (but not the entire channel); one private channel with Thomas Lehman, Mr. Hickman's co-developer (but not the entire channel); and one public channel.  *Id.* ¶ 23.

## III.   DISCOVERY ISSUE TO BE DECIDED

Whether Mr. Hickman should be ordered to produce all remaining documents responsive to the November Subpoena that are in his possession, custody, or control and provide further testimony regarding the contents of such documents.

## IV.   ARGUMENT

Under Federal Rule of Civil Procedure 45(a)(1)(c), any party may serve a subpoena commanding a nonparty "to attend and give testimony or to produce and permit inspection and copying of" documents. Fed. R. Civ. P. 45(a)(1)(C).  The subpoena is subject to the relevance requirements set forth in Rule 26(b).  *See The Rutter Group, Federal Civil Procedure Before*

FENWICK & WEST LLP
ATTORNEYS AT LAW

*Trial*, Calif. and 9th Circuit Eds., § 11:2305 (2007).  Thus, the subpoena may command the production of documents which are "not privileged" and are "relevant to the subject matter" or "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Plaintiff's requests are within the permissible scope of discovery as they are directly relevant to their claim of trademark infringement.

A non-party's failure to object to a subpoena results in a waiver of all objections.  *Kelly v. Hickman*, No. 17-cv-02409, 2021 WL 3361701, at *2 (D. Nev. Mar. 31 2021) (granting plaintiff's motion to compel where the non-party made no objections, untimely or otherwise; "'[a] nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived…the Court finds that Karimi has waived any objections to the subpoena by failing to lodge those objections with Kelly or this Court.");  *Johansen v. Mutual of Omaha Ins. Co.*, No. 18-cv-00325, 2018 WL 3381398, at *1 (D. Nev. Jul. 11, 2018) (granting defendant's motion to compel because the non-parties "waived any objections to the subpoenas by fail[ing] to make timely objections.");  *Munoz v. Chartis Property Cas. Co.*, No. 14-CV-0087, 2014 WL 3375509, at *2 (D. Nev. Jul. 7, 2014) ("[T]he four non-party corporations waived any objections to the subpoenas by failing to serve objections within fourteen days as required by Rule 45 of the Federal Rules of Civil Procedure.").

### A.   The Information Sought Is Relevant And Useful.

Yuga Labs is entitled to discover the extent and scope of Mr. Hickman's knowledge of and involvement in Defendants' scam to sell the infringing RR/BAYC NFTs for the purpose of preparing its case against Defendants for trial.  As this information is essential and in Mr. Hickman's possession, and Mr. Hickman has not provided a sufficient justification for withholding it, Yuga Labs respectfully requests the Court to compel Mr. Hickman to produce it immediately.

### 1.   Mr. Hickman's Production Of Discord Documents Is Plainly Deficient

Yuga Labs seeks Discord communications[1] from January 2022 to present related to

---

[1] This request excludes the group channel between Mr. Hickman, Mr. Lehman and Defendants ("Team Ape Market").

RR/BAYC NFTs, BAYC NFTs, and/or Yuga Labs.  Culp Decl. ¶ 15, Ex. K.  Mr. Hickman's single PDF containing incomplete Discord chat screenshots is deficient and does not meet the scope of this request.  Specifically, Mr. Hickman excluded months' worth of communications from the private channel between himself and Mr. Lehman.  The screenshots Mr. Hickman did produce contain "error" messages in place of information that would be available in the native, HTML format.  Mr. Hickman also failed entirely to produce the private channel between himself and Defendant Cahen, despite admitting to its existence.  *Id.* ¶ 20, Ex. P at 41:14-19.  Mr. Hickman acknowledges that all these communications are directly responsive to Yuga Labs' requests.  *Id.* ¶ 20, Ex. P at 41:14-19.  In fact, he admits that he identified relevant Discord communications before responding to Yuga Labs' September Subpoena but nonetheless failed to produce the documents.  *Id.* ¶ 20, Ex. P at 39:4-41:10.  As one of the primary developers for the infringing products and their marketing vectors, Mr. Hickman made significant contributions to the infringing sales.  These Discord communications are directly relevant to understanding the nature of Mr. Hickman's work for Defendants in their scam to sell infringing NFTs.  Specifically, Mr. Hickman's deposition testimony reveals numerous conversations with Mr. Lehman and Defendants, concerning the development and coding of the RR/BAYC RSVP Smart Contract and Ape Market, and the promotion in interstate commerce by each of them of the same.  These private conversations are relevant to show, among other things, the fundamental technological components that drove Defendants' scam and Mr. Hickman's understanding of the RR/BAYC NFT and Ape Market projects as technologically based business ventures rather than "art."  These conversations also establish that Defendants, with Mr. Hickman and Mr. Lehman, developed an explicitly misleading business scheme to profit off of Yuga Labs' BAYC Marks.  It is reasonable to require Mr. Hickman to produce these communications from January 2022 to present that relate to RR/BAYC NFTs (which includes Ape Market), BAYC NFTs, and/or Yuga Labs given the direct relevance of Mr. Hickman's documents to the lawsuit against Defendants Ripps and Cahen and the limited, discrete timeframe covered by Yuga Labs' request.

FENWICK & WEST LLP
ATTORNEYS AT LAW

### 2. Mr. Hickman Confirmed Email Communications Exist But Did Not Produce Them

Yuga Labs seeks all email communications from January 2022 to present related to RR/BAYC NFTs, BAYC NFTs, and/or Yuga Labs.  Culp Decl. ¶ 15, Ex. K.  Mr. Hickman initially claimed that he has no such communications but then identified two emails—Kingsrborn@gmail.com and Hwonderofworld@gmail.com—that he used, which would have documents responsive to the request.  *Id.* ¶ 20, Ex. P at 24:17-25:15, 169:9-19.  Mr. Hickman admits that it is possible that both Defendant Ripps and Mr. Lehman have sent him files through email that are relevant to this request.  *Id.* at 112:1-18, 114:6-18.  He also admits to personally and directly communicating with OpenSea by email regarding RR/BAYC NFTs being delisted for sale from the website because they infringe Yuga Labs' intellectual property.  *Id.* at 169:9-170:14.  Mr. Hickman has not articulated any reason for failing to produce such communications in response to Yuga Labs' requests.  These communications are relevant to Mr. Hickman's contributions to the infringing RR/BAYC projects on which he worked, among other issues, and are relevant to show why OpenSea delisted RR/BAYC NFTs multiple times.  The fact that many of these documents are in Mr. Hickman's exclusive possession reaffirms Yuga Labs' need for his compliance.  Mr. Hickman should thus be ordered to produce all email communications that relate to RR/BAYC NFTs (which includes Ape Market), BAYC NFTs, and/or Yuga Labs.

### 3. Mr. Hickman Confirmed Non-Public Twitter Communications But Did Not Produce Them

Yuga Labs seeks all non-public Twitter communications from January 2022 to present related to RR/BAYC NFTs, BAYC NFTs, and/or Yuga Labs.  Culp Decl. ¶ 15, Ex. K.  Mr. Hickman admits that prior to his deposition, he did not review any of his Twitter direct messages to identify responsive communications but acknowledges the existence of several direct, person-to-person communications on Twitter under his account "@hWonderofWorld" that fall under the scope of this request.  *Id.* ¶ 20, Ex. P at 58:19-59:23.  When asked whether he and Defendant Ripps or Defendant Cahen have ever communicated through Twitter direct messages about BAYC, Yuga Labs, and/or RR/BAYC, Mr. Hickman replied, "It's a possibility actually…It's very possible."  *Id.* at 112:1-113:17.  In addition, Mr. Hickman admits to the existence of private

FENWICK & WEST LLP
ATTORNEYS AT LAW

Twitter direct messages between himself and Mr. Lehman that relate to RR/BAYC—specifically, being given lower-priced RR/BAYC NFTs by Defendant Ripps.  *Id.* ¶ 20, Ex. P at 57:18-58:18.  Mr. Hickman has identified other private Twitter direct messages produced by Mr. Lehman in which Mr. Hickman personally made remarks about RR/BAYC NFTs but claims that such communications would be better understood in the context of Twitter direct messages in Mr. Hickman's exclusive possession that Mr. Lehman has not produced.  *Id.* at 62:25-64:4.  Mr. Hickman also admits to being a member of an "influencer chat" on Twitter in which third-parties communicated about RR/BAYC NFTs and Ape Market.  *Id.* at 82:6-83:7.  These third-party communications are similarly relevant to ascertaining Mr. Hickman's contributions to the RR/BAYC-related projects on which he worked and Defendants' own statements about those projects, among other reasons.  Mr. Hickman should therefore be ordered to produce his Twitter direct messages that relate to RR/BAYC NFTs (which includes Ape Market), BAYC NFTs, and/or Yuga Labs.

### 4.    Mr. Hickman Confirmed Text Communications But Did Not Produce Them

Yuga Labs seeks all Text or SMS communications from January 2022 to present related to RR/BAYC NFTs, BAYC NFTs, and/or Yuga Labs.  Culp Decl. ¶ 15, Ex. K.  Mr. Hickman admits to communicating over text with Defendant Ripps about RR/BAYC in August 2022, before being served with any subpoena from Yuga Labs.  *Id.* ¶ 20, Ex. P at 83:8-16.  Mr. Hickman also admits to communicating over text with Defendant Cahen about BAYC, RR/BAYC, Ape Market, Yuga Labs, and this litigation.  *Id.* ¶ 20, Ex. P at 84:21-85:1, 113:8-14.  Mr. Hickman states that "it's definitely possible" that there are private text communications between himself and Mr. Lehman regarding RR/BAYC, BAYC, and/or Ape Market.  *Id.* ¶ 20, Ex. P at 85:2-9, 114:6-15.  It is unknown, because Mr. Hickman's search for documents was cursory at best, whether Mr. Hickman has any other texts with other parties not known to Yuga Labs.  In contrast, Mr. Lehman had many other texts with third parties responsive to the subpoena.  Mr. Lehman's texts with a third party (not Defendants or Mr. Hickman) reveal, for example, that he understood and believed that consumers would be misled into believing they

were buying an authentic BAYC NFT.  *Id.* ¶ 24.  This is directly relevant to Yuga Labs'

argument that consumers are likely to be confused by the sale of RR/BAYC NFTs on third party

marketplaces and Ape Market, and Mr. Hickman should be ordered to produce all text or SMS

communications that relate to RR/BAYC NFTs (which includes Ape Market), BAYC NFTs,

and/or Yuga Labs.

### 5.   Mr. Hickman Confirmed The Existence Of Google Drive Documents But Did Not Produce Them

Yuga Labs seeks all documents concerning RR/BAYC NFTs, BAYC NFTs, and/or Yuga

Labs, including any stored in a Google Drive.  Culp Decl. ¶ 15, Ex. K.  Mr. Hickman's

deposition testimony, along with Mr. Lehman's production, reveal that Mr. Hickman is likely

withholding a number of documents relating to RR/BAYC NFTs, including the creation,

development, and promotion of Ape Market.  For example, Mr. Hickman admits that he created

multiple memes and images to promote Ape Market and also helped create drafts of the market

design for Ape Market.  *Id.* ¶ 20, Ex. P at 107:7-108:9, 265:4-266:22.  Mr. Hickman also admits

to the existence of a Google Doc that is responsive to this request and concedes: "It's possible I

have access to it."  *Id.* at 263:25-264:13.  These documents are relevant to the extent that they

show the development and marketing aspects of Defendants' scam, including Defendants'

deliberate use of BAYC marks and BAYC NFT token identifiers.  Mr. Hickman should be

compelled to produce Google Drive documents to which he has access that relate to RR/BAYC

NFTs (which includes Ape Market), BAYC NFTs, and/or Yuga Labs.

### B.   Ryan Hickman Has No Basis For Withholding This Highly Relevant Information

Mr. Hickman does not dispute the relevance of the requested information, nor did he

object to the requests as being unduly burdensome prior to the date of compliance.  Mr. Hickman

cannot reasonably claim that he did not have time to produce documents in response to Yuga

Labs' November Subpoena.  Mr. Hickman had approximately three months to collect the

documents requested in the September Subpoena and more than one month to collect the

narrower set of documents requested in Yuga Labs' November Subpoena.  *See Alutiiq Int'l Sols.,*

*LLC v. OIC Marianas Ins. Corp.*, No. 10-cv-01189, 2018 U.S. Dist. LEXIS 43591, at *5-7 (D.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Nev. Mar. 15, 2018) (rejecting the subpoenaed third party's argument that he did not have enough time to produce the documents and ordering him to produce the discovery where he was properly served with the subpoena two weeks before the scheduled date of production and plaintiff granted him a one-week extension to comply).  In sum, Mr. Hickman has had nearly four months to gather the documents that are the subject of this Motion.

Yuga Labs has also attempted to work with Mr. Hickman to ease any burden of producing the documents.  He received ample warnings about the consequences of his failure to comply and extensions in order to do so in connection with the September Subpoena, and again in connection with the November Subpoena.  Mr. Hickman was properly served with the November Subpoena and received the extension he sought until December 7.  Yuga Labs repeatedly informed Mr. Hickman of his obligation to appear at the deposition with his documents.  Prior to his deposition on December 7, Mr. Hickman did not notify Yuga Labs that he needed more time to procure his documents, and he should be barred from claiming as such now.  Nevertheless, Yuga Labs gave Mr. Hickman yet another extension, until December 19, to comply before it became necessary to file this Motion and his deficient document production reveals that he still has not met his obligations.

Mr. Hickman cannot continue to withhold responsive documents on the basis that he does not know how to produce or access such documents.  Yuga Labs offered to clarify requests and allowed for production by email or via a virtual data room where Mr. Hickman could upload documents as alternative methods of production for these digital records.  Culp Decl. ¶ 4, Ex. C. Mr. Hickman conceded multiple times that he did not even attempt to search for most of the responsive documents prior to the deposition.  *Id.* ¶ 20, Ex. P at 26:25-27:5, 45:1-9, 50:4-7, 114:6-15.  A person subpoenaed for the production of documents is under an affirmative duty to seek information that is reasonably available to them and to complete "a reasonable search conducted with due diligence."  *V5 Technologies v. Switch, Ltd.*, 332 F.R.D. 356, 366 (D. Nev. 2019) ("Compliance with Rule 45 subpoena for the production of documents involves overlapping duties.  One requirement entails the actual search for documents.").  Moreover, Mr. Hickman's excuse that he does not have administrative access to certain information is

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

implausible in light of his recent production, in which he provided some (but nowhere near all) of the requested information, and the fact that Mr. Lehman (Mr. Hickman's co-developer) produced information in response to similar document requests from Yuga Labs.  Culp Decl. ¶ 20, Ex. P at 39:7-13.  *See also*, *V5 Technologies*, 332 F.R.D. at 367 ("…Plaintiff has identified documents obtained elsewhere that should have been included in any production from Ms. Folino arising from the search of her business email account…The existence of such documents produced from other sources raises significant concern about the completeness of the search conducted with respect to Ms. Folino's business email account.").

For these reasons, this Court should compel Mr. Hickman to produce responsive documents and provide further testimony to explain the contents of the documents.  *See Starr Indemnity & Liability Co. v. Young*, No. 14-cv-00239, 2018 WL 11409452, at *3 (D. Nev. Apr. 30, 2018) (granting plaintiff's motion to compel further deposition testimony from the subpoenaed party regarding responsive documents that should have been (but were not) produced by him at the deposition).

### C.     Ryan Hickman's Actions Justify A Contempt Ruling And An Order Requiring Him To Pay Yuga Labs For Losses Incurred In Making This Motion

This Court should find Mr. Hickman in contempt for failing to comply with the November Subpoena and order him to compensate Yuga Labs for any losses it has incurred in making this Motion.  "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both."  *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986).  "Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act of defiance of a court order and exposes the defiant witness to contempt sanctions."  Fed. R. Civ. P. 45(a) advisory committee's note to 1991 Amendment.  Under Rule 45, a court has the inherent power to impose sanctions when a person who has been served with a subpoena "fails without adequate excuse to obey the subpoena or an order related to it."  Fed. R. Civ. P. 45(g); *see also*, *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 484 (9th Cir. 1963); *Luv N' Care, Ltd. v. Laurain*, No. 18-cv-

02224, 2019 WL 4696399, at *2 (D. Nev. Sept. 26, 2019) (affirming the magistrate judge's finding of contempt and award of attorneys' fees where the subpoenaed nonparty did not object or otherwise respond to the subpoena).

Mr. Hickman served no objections in response to Yuga Labs' November Subpoena, nor did he articulate any adequate excuse for noncompliance.  Instead, Mr. Hickman failed to produce any documents by the date of compliance, arguing merely that he did not have time and did not know how to access certain information, despite also admitting that he had not conducted any search for responsive documents.  Even where Mr. Hickman has made some production, it is severely and plainly deficient and fails to comply with his discovery obligations.  Yuga Labs has made numerous efforts to resolve this discovery dispute with Mr. Hickman without court action, such as by giving multiple extensions of time and attempting to meet and confer, all to no avail.  When Yuga Labs did speak to Mr. Hickman face-to-face (at his deposition), he confirmed the existence of nearly all of the documents sought in the subpoena, promised to produce them by a date certain, and then, once again, did not.  Culp. Decl. ¶ 20.

## V.    CONCLUSION

For the foregoing reasons, Yuga Labs respectfully requests that the Court order Ryan Hickman to comply fully with the November Subpoena within ten (10) days of entry of such order and provide no more than two (2) hours of deposition testimony regarding the contents of any responsive documents produced that were not in Yuga Labs' possession at the time of Mr. Hickman's first deposition, find Ryan Hickman in contempt for failing to obey the November Subpoena without adequate excuse, and order him to pay Yuga Labs' reasonable attorneys' fees and costs in connection with this Motion and the costs associated with the second deposition.


Dated: January 6, 2023          FENNEMORE CRAIG P.C.


By:    _____/s/ John D. Tennert_____

JOHN D. TENNERT III (NSB 11728)

FENWICK & WEST LLP
ATTORNEYS AT LAW

and

FENWICK & WEST LLP
ERIC BALL (CSB No. 241327)
KIMBERLY CULP (CSB No. 238839)
ANTHONY M. FARES (CSB No. 318065)
ETHAN M. THOMAS (CSB No. 338062)
(Will comply with LR IA 11-2 within 14 days)
*Attorneys for Plaintiff Yuga Labs, Inc.*

Plaintiff's Notice of Motion and Motion     14     Case No.: _____
to Compel Compliance with Subpoena
28577202.1/058484.0002

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 6, 2023, I served a true and correct copy of the following

documents via email and U.S. mail:

- YUGA LABS, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL NON-PARTY RYAN HICKMAN'S COMPLIANCE WITH SUBPOENA

addressed as follows:

| | |
|---|---|
| **Derek A. Gosma** | **Louis W. Tompros** |
| **Henry Michael Nikogosyan** | **Monica Grewal** |
| Wilmer Cutler Pickering Hale and Dorr LLP | **Scott W. Bertulli** |
| 350 South Grand Avenue Suite 2400 | Wilmer Cutler Pickering Hale and Dorr LLP |
| Los Angeles, CA 90071 | 60 State Street |
| 213-443-5308 | Boston, MA 02109 |
| Fax: 213-443-5400 | 617-526-6886 |
| Email: derek.gosma@wilmerhale.com | Fax: 617-526-5000 |
| Henry.Nikogosyan@wilmerhale.com | Email: louis.tompros@wilmerhale.com |
| *Attorneys for Defendants* | monica.grewal@wilmerhale.com |
| | scott.bertulli@wilmerhale.com |
| | *Attorneys for Defendants* |

Served via email and U.S. mail addressed
as follows:

**Ryan Hickman**
260 Sidewheeler Street
Henderson, NV 89012
Email: kingsrborn@gmail.com

_____/s/ Susan Whitehouse_____
An Employee of Fennemore Craig, P.C.

FENWICK & WEST LLP
ATTORNEYS AT LAW