JOHN D. TENNERT III (NSB No. 11728)
jtennert@fennemorelaw.com
FENNEMORE CRAIG P.C.
9275 W. Russell Road, Suite 240
Las Vegas, NV  89148
Telephone: 702.692.8000
Facsimile: 702.692.8099

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

(California Attorneys will comply with LR IA 11-2 within 14 days)

*Attorneys for Plaintiff*
*Yuga Labs, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YUGA LABS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RYDER RIPPS and JEREMY CAHEN,<br><br>Defendants. | Case No.: 2:23-cv-00010-APG-NJK<br><br>**[USDC, Central District of California Civil Case No. 2:22-cv-4355-JFW-JEM]**<br><br>**DECLARATION OF KIMBERLY CULP IN SUPPORT OF PLAINTIFF YUGA LABS, INC.'S MOTION TO COMPEL NON-PARTY RYAN HICKMAN'S COMPLIANCE WITH SUBPOENA**<br><br>ORAL ARGUMENT REQUESTED |

FENWICK & WEST LLP
ATTORNEYS AT LAW

I, Kimberly Culp, declare:

1.      I am an attorney admitted to practice in California and am an attorney with the law firm of Fenwick & West LLP, counsel for Plaintiff Yuga Labs, Inc. in the above-captioned matter.  I make this declaration based on my own personal knowledge.  If called as a witness, I could testify competently to the facts set forth herein.

2.      I submit this declaration in support of Plaintiff's Motion to Compel Non-Party Ryan Hickman's Compliance with Subpoena.

3.      Attached hereto as **Exhibit A** is a true and correct copy of the complaint filed by Yuga Labs in the Central District of California against Ryder Ripps and Jeremy Cahen in the case titled *Yuga Lab v. Ripps et al.* Case No. 2:22-cv-4355-JFW-JEM.

4.      On September 7, 2022, I sent Mr. Hickman a letter to notify him of the subpoena at **Exhibit B**.  Attached hereto as **Exhibit C** is a true and correct copy of this letter.

5.      I am informed by our process server that Mr. Hickman was personally served with the subpoena shown at Exhibit B on September 9, 2022.

6.      On September 27, 2022, my colleague Anthony Fares contacted Mr. Hickman by an email that I was copied on to notify Mr. Hickman that the deadline for document production had passed and offered to confer with Mr. Hickman regarding a possible extension.  Attached hereto as **Exhibit D** is a true and correct copy of this email.

7.      On September 29, 2022, Mr. Hickman responded to the subpoena by email to Mr. Fares, with a copy to me.  Mr. Hickman did not assert any objections to the document requests or the subpoena and purported to respond to the subpoena with some responsive documents (only six images).  That same day, Mr. Fares responded to Mr. Hickman by an email that I was copied on and asked him to forward the email to any attorney he may have and let him know that we would like to meet and confer with him.  Attached hereto as **Exhibit E** is a true and correct copy of these emails and their attachments.

8.      Thereafter, Mr. Fares followed up with Mr. Hickman on three more occasions by email with copies to me to schedule the meet and confer.  Attached hereto as **Exhibit F** is a true

FENWICK & WEST LLP
ATTORNEYS AT LAW

and correct copy of these emails.

9.     On October 12, 2022, Mr. Hickman responded to Mr. Fares and agreed to speak on Friday, October 14.  Attached hereto as **Exhibit G** is a true and correct copy of these emails.

10.     On October 13, 2022, Mr. Hickman notified Mr. Fares, by email with a copy to me, that he was in the process of retaining counsel and promised to follow-up by Monday (*e.g.*, October 17).  Attached hereto as **Exhibit H** is a true and correct copy of these emails.

11.     On October 17, 2022, Mr. Hickman notified us that he had retained counsel and that his attorney would contact us.  No attorney contacted Fenwick & West on October 17 or 18, and on October 19, Mr. Fares asked Mr. Hickman, by email with a copy to me, for the name of his attorney.  Attached hereto as **Exhibit I** is a true and correct copy of these emails.

12.     On October 21, 2022, Ethan Jacobs, a San Francisco attorney, contacted me to let me know that he had been retained to represent Mr. Hickman in connection with responding to Yuga Labs' subpoena to Mr. Hickman.  Mr. Jacobs and I spoke that same day and he asked for additional time for Mr. Hickman to pull his additional documents together to produce to me.  I told Mr. Jacobs that Mr. Hickman had already attempted to comply once, and that any objections to the subpoena had been waived, but that I would give Mr. Hickman additional time to fully comply with the subpoena.  Mr. Jacobs let me know that he was familiar with the subpoena and where the responsive documents likely were, so he did not think he would need a substantial amount of time to work with Mr. Hickman to complete his production.  Mr. Jacobs and I agreed that Mr. Hickman would have until November 11 to provide me with the additional documents responsive to Yuga Labs' subpoena.

13.     On November 9, 2022, Mr. Jacobs called me and notified me that he would likely be withdrawing as counsel for Mr. Hickman.  He informed me that the basis for his withdrawal would be that Mr. Hickman had not responded to his emails and had not provided him with the additional documents that were necessary to comply with Yuga Labs' subpoena.

14.     On November 11, 2022, Mr. Jacobs confirmed in writing that he no longer represented Mr. Hickman.  Thereafter, I notified Mr. Hickman that it was our understanding that

FENWICK & WEST LLP
ATTORNEYS AT LAW

he was no longer represented by Mr. Jacobs and that he had until the end of the day to comply with Yuga Labs' subpoena.  Mr. Hickman did not respond.  Attached hereto as **Exhibit J** is a true and correct copy of these emails.

15.     On November 14, 2022, I caused the subpoena at **Exhibit K** to be personally served on Ryan Hickman.

16.     On November 18, 2022, I sent Mr. Hickman a letter (via overnight and email delivery) reminding him of his obligations to provide in-person deposition testimony and documents by November 28, 2022 and to notify me by November 23, 2022 if he needed to reschedule this date.  Attached hereto as **Exhibit L** is a true and correct copy of this letter.

17.     On November 23, 2022, Mr. Hickman notified us that he was not available on November 28 but was available on December 6, 2022 or December 7, 2022.  Mr. Hickman did not assert any objections to the document requests or the subpoena in his email response. Attached hereto as **Exhibit M** is a true and correct copy of these emails.

18.     On November 23, 2022, Mr. Fares sent an amended subpoena at **Exhibit N** to Mr. Hickman that reflected December 7, 2022 as his deposition date and the deadline for production of documents.

19.     On December 5, 2022, I followed up with Mr. Hickman to remind him of the deposition and his obligation to produce documents at the deposition.  Attached hereto as **Exhibit O** is a true and correct copy of this email.

20.     On December 7, 2022, Mr. Hickman appeared at his deposition but failed to produce any documents.  Attached as **Exhibit P** are true and correct copies of excerpts from Mr. Hickman's deposition transcript.  Following the deposition, I spoke with Mr. Hickman off the record regarding his failure to produce documents and requested that he provide a firm date by which he would commit to produce documents responsive to the subpoena, including those he had just testified about during his deposition.  Mr. Hickman agreed to follow up with me by email to confirm a date on which he would produce all responsive documents.

21.     On December 8, Mr. Fares followed up with Mr. Hickman by an email that I was

FENWICK & WEST LLP
ATTORNEYS AT LAW

copied on to remind him of his obligations under the November 14 subpoena and again requested a firm date by which Mr. Hickman would commit to produce all responsive documents.  Mr. Hickman responded by email and stated that he would produce documents on December 19, 2022.  Mr. Fares confirmed by email that December 19, 2022 was acceptable and that Yuga Labs would suspend further action to compel compliance until that date.  In this same email, Mr. Fares provided a detailed explanation of each request, along with examples of documents we expected to receive by that date.  Attached hereto as **Exhibit Q** is a true and correct copy of these emails.

22.     Mr. Hickman did not produce any documents on December 19, 2022.

23.     On December 20, 2022, Mr. Hickman produced a single PDF of certain Discord chat screenshots (but not the entire chat) and two folders of source code.  The PDF includes messages from a group channel (Team Ape Market) between Mr. Hickman, Mr. Lehman, and Defendants that took place on May 18, 2022; messages from a channel with Mr. Lehman that took place on May 23, 2022; and messages from an unnamed channel that took place on various dates.

24.     Mr. Lehman produced screenshots of messages from a private Discord channel with Mr. Hickman that took place from May 23, 2022 to June 24, 2022.  In addition to Discord communications, Mr. Lehman produced ███████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 6, 2023.

*/s/ Kimberly Culp*
Kimberly Culp

FENWICK & WEST LLP
ATTORNEYS AT LAW

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2023, I served a true and correct copy of the following

documents via email and U.S. mail:

- DECLARATION OF KIMBERLY CULP IN SUPPORT OF
  PLAINTIFF YUGA LABS, INC.'S MOTION TO COMPEL NON-PARTY RYAN
  HICKMAN'S COMPLIANCE WITH SUBPOENA

addressed as follows:

**Derek A. Gosma**
**Henry Michael Nikogosyan**
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue Suite 2400
Los Angeles, CA 90071
213-443-5308
Fax: 213-443-5400
Email: derek.gosma@wilmerhale.com
Henry.Nikogosyan@wilmerhale.com
*Attorneys for Defendants*

**Louis W. Tompros**
**Monica Grewal**
**Scott W. Bertulli**
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
617-526-6886
Fax: 617-526-5000
Email: louis.tompros@wilmerhale.com
monica.grewal@wilmerhale.com
scott.bertulli@wilmerhale.com
*Attorneys for Defendants*

Served via email and U.S. mail addressed as follows:

**Ryan Hickman**
260 Sidewheeler Street
Henderson, NV 89012
Email: kingsrborn@gmail.com

_____/s/ Susan Whitehouse_____
An Employee of Fennemore Craig, P.C.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**EXHIBIT LIST**

| Exhibit No. | Description |
|---|---|
| A | 2022 06 24 Complaint for False Designation of Origin, et al (w Ex A) |
| B | 2022 09 07 Subpoena to Ryan Hickman |
| C | 2022 09 07 Cover letter to Hickman Redacted |
| D | 2022 09 27 Email from A. Fares |
| E | 2022 09 29 Email from R. Hickman with Discovery Responses |
| F | 2022 10 10 Email from A. Fares – Confer Attempts |
| G | 2022 10 12 Email from R. Hickman confirming availability to M&C |
| H | 2022 10 17 Email from R. Hickman saying he has retained representation |
| I | 2022 10 19 Email from A. Fares to R. Hickman re: counsel |
| J | 2022 11 11 Email from K. Culp to R. Hickman re: withdrawal of counsel |
| K | 2022 11 14 Subpoena for Deposition (Ryan Hickman) Redacted |
| L | 2022 11 18 Email from R. Pelayo to R. Hickman with Culp letter attached Redacted |
| M | 2022 11 23 Email from R. Hickman re: available in December |
| N | 2022 11 23 Email from A. Fares to R. Hickman re: amended subpoena Redacted |
| O | 2022 12 05 K. Culp email to R. Hickman |
| P | Excerpts of Ryan Hickman's Deposition Transcript - FILED UNDER SEAL |
| Q | 2022 12 19 Email from T. Fares to R. Hickman re: production |