# Exhibit B

Subpoena to Ryan Hickman

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| YUGA LABS, INC. *Plaintiff* v. RYDER RIPPS, JEREMY CAHEN, and DOES 1-10 *Defendant* | Civil Action No. 2:22-cv-04355-JFW-JEM |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: RYAN HICKMAN

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: FENWICK & WEST LLP<br>801 California Street<br>Mountain View, CA 94041 | Date and Time:<br>09/23/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/07/2022

*CLERK OF COURT*

OR

/s/ Eric Ball

*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Yuga Labs, Inc. , who issues or requests this subpoena, are:

Eric Ball; Fenwick & West LLP, 801 California Street, Mountain View, CA 94041; eball@fenwick.com; (650) 988-8500

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-04355-JFW-JEM

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:23-cv-00010-APG-NJK   Document 13-2   Filed 01/06/23   Page 4 of 13

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

# DEFINITIONS

1. The terms "plaintiff" or "Yuga Labs" refer to plaintiff Yuga Labs, Inc., its predecessors, successors, parents, subsidiaries, divisions, officers, principals, employees, agents, representatives, and attorneys, and all other persons, forms, or corporations acting or purporting to act on their behalf or under its control.

2. The terms "you" or "your" mean Ryan Hickman, his employees, agents, representatives, and attorneys, and all other persons, forms, or corporations acting or purporting to act on his behalf or under his control.

3. The term "Defendants" refers collectively to the named defendants in this action and "Defendant" refers to either individually: Ryder Ripps and Jeremy Cahen and/or any individual or entity name under which Ripps or Cahen are doing or have done business, and its affiliates, parent corporations, subsidiary corporations, employees, agents, and attorneys.

4. The term "this action" refers to *Yuga Labs, Inc. v. Ryder Ripps, et al.*, United States District Court, Central District of California, Case No. 2:22-cv-04355-JFW-JEM.

5. The term "NFT" means non-fungible token.

6. The term "BAYC NFTs" refers to the collection of 10,000 non-

fungible tokens, created on the Ethereum blockchain via smart contract 0xBC4CA0EdA7647A8aB7C2061c2E118A18a936f13D, viewable at https://etherscan.io/address/0xbc4ca0eda7647a8ab7c2061c2e118a18a936f13d, including any NFT within this collection.

7.   The term "RR/BAYC NFTs" refers to the collection of non-fungible tokens, created on the Ethereum blockchain via smart contract 0x2EE6AF0dFf3A1CE3F7E3414C52c48fd50d73691e, viewable at https://etherscan.io/address/0x2ee6af0dff3a1ce3f7e3414c52c48fd50d73691e, including any NFT within this collection.

8.   The term "RR/BAYC Smart Contract" refers to the Ethereum blockchain smart contract 0x2EE6AF0dFf3A1CE3F7E3414C52c48fd50d73691e, viewable at:

https://etherscan.io/address/0x2ee6af0dff3a1ce3f7e3414c52c48fd50d73691e.

9.   The term "RR/BAYC RSVP Smart Contract" refers to the Ethereum blockchain smart contract 0xEE969B688442C2d5843Ad75f9117b3ab04b14960 viewable at:

https://etherscan.io/address/0xee969b688442c2d5843ad75f9117b3ab04b14960.

10.   The term "Mark" means any word, name, symbol, design, shape, number, slogan, or device, or any combination thereof, that is used by a person

to identify and distinguish the person's goods or services from the goods or services of others.

11. The term "BAYC Mark" refers to any Mark used by Yuga Labs in connection with the BAYC NFTs, including but not limited to the Marks identified in the Complaint (Dkt. 1) in the Action and specifically the Marks subject to pending trademark applications referenced in Paragraphs 24-30 of the Complaint in the Action.

12. The term "RR/BAYC Mark" refers to any Mark used by you or any Defendant in connection with the RR/BAYC NFTs.

13. The term "Ape Market" refers to the planned NFT marketplace, promoted on https://twitter.com/ApeMarketplace, that claims to allow users to "Trade Yuga Labs NFTs with 0% royalties" and "Listing requires an RRBAYC token." *See, e.g.*, Complaint ¶¶ 46, 55.

14. The term "NFT marketplaces" means any platform where NFTs can or may be stored, displayed, traded, exchanged, sold, or minted, including, without limitation, OpenSea, Foundation, x2y2, Ape Market, and others.

15. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including but not limited to emails, text or SMS messages, social media posts, chat applications (including but not limited to Facebook Messenger, Discord, Slack, Signal, Whatsapp, and

Telegram), private social media messages (*e.g.*, Twitter direct messaging, etc.), and posts to online discussion forums.

16. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

17. The terms "person" or "persons" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

18. "Identify," when used with respect to any natural person, means to state the person's full name, present or last-known address, and present or last-known employer.

19. "Identify," when used with respect to any legal entity (such as a corporation, company, or person other than a natural person), means to state the entity's name, the place of incorporation or organization, the principal place of business, and the nature of the business conducted by that legal entity.

20. "Identify," when used with respect to any document, means to state the document's title and subject matter, form (*e.g.*, letter, memorandum, email, etc.), document production number range, date, author(s), addressee(s), recipient(s), and name of its present custodian.

21. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

22. The term "including" shall be construed to mean including but not limited to.

23. The terms "regarding," "relating to," "related to," and/or "referring to" mean concerning, constituting, containing, embodying, evidencing, reflecting, identifying, incorporating, summarizing, mentioning, dealing with, supporting, or in any way pertaining to the particular request.

24. The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these requests.

25. The terms "any" and "each" should be understood to include and encompass "all."

26. The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

27. The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

## INSTRUCTIONS

28. In answering the following document requests, furnish all available information, including information in the possession, custody, or control of any

agents, employees, officers, directors, members, attorneys, investigators, consultants, experts, and all other persons acting on your behalf or under your control.

29. Electronic records and computerized information must be produced in native form or as TIFF single-page images with OCR, with all metadata and must include a load file. Any such information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the documents and information intelligible. Pursuant to Fed. R. Civ. P. 34(b)(1)(C), any documents which are ordinarily maintained in Microsoft Excel or any other spreadsheet program must be produced in native format.

30. If your response to a particular document request is a statement that you lack the ability to understand a word or phrase in the request, please use the common and reasonable interpretation of the word or phrase and explain your interpretation of the word or phrase.

31. If you contend certain document requests require disclosure of trade secret or other confidential research, development, or commercial information, please mark them as such or as required by any protective order that may be entered in this action.

32. Your obligation to respond to these document requests is continuing and your responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Fed. R. Civ. P. 26(e).

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All documents and communications with Defendants regarding Yuga Labs.

**DOCUMENT REQUEST NO. 2:**

All documents and communications concerning the creation, development, promotion, or sale of RR/BAYC NFTs.

**DOCUMENT REQUEST NO. 3:**

All documents and communications concerning your involvement in the creation or development of the RR/BAYC Smart Contract, including the associated Token Tracker visible on the Smart Contract's Etherscan page.

**DOCUMENT REQUEST NO. 4:**

All documents and communications concerning your involvement in the creation or development of the RR/BAYC RSVP Smart Contract.

**DOCUMENT REQUEST NO. 5:**

All documents and communications relating to your or Defendants' use of any BAYC Mark in connection with the RR/BAYC NFTs, including without limitation on Etherscan, rrbayc.com, NFT marketplaces, and social media.

**DOCUMENT REQUEST NO. 6:**

All documents and communications relating to your involvement in the creation, development, promotion, or sale of RR/BAYC NFTs, including but not limited to any contracts, agreements, deals, or invoices.

**DOCUMENT REQUEST NO. 7:**

All documents and communications relating to your involvement in the creation, development, or promotion of rrbayc.com.

**DOCUMENT REQUEST NO. 8:**

All documents and communications relating to your involvement in the creation, development, or promotion of Ape Market.

**DOCUMENT REQUEST NO. 9:**

Documents sufficient to show royalties you earned from the sale of RR/BAYC NFTs.

**DOCUMENT REQUEST NO. 10:**

All documents and communications concerning any instances of consumer confusion, mistake, deception, or association between Plaintiff's use of any BAYC Mark and Defendants' use of any RR/BAYC Mark, including for each,

the identity of the persons involved, the date on which the incident occurred, the date you first learned of the incident, and all persons with knowledge of the incident.

**DOCUMENT REQUEST NO. 11:**

All documents and communications concerning this action, including any communications with Defendants.