# Exhibit N

Email from A. Fares to R. Hickman re amended subpoena_Redacted

**REDACTED UNDER LR IC 6-1 AND FED. R. CIV. P. 5.2**

| | |
|---|---|
| **From:** | Anthony Fares |
| **To:** | Ryan Hickman; Raymond Pelayo |
| **Cc:** | Kimberly Culp |
| **Subject:** | RE: Yuga Labs v. Ripps et al - Hickman Subpoena |
| **Date:** | Wednesday, November 23, 2022 12:42:00 PM |
| **Attachments:** | 2022 11 23 Subpoena for Deposition (Ryan Hickman).pdf |

Mr. Hickman, thank you for your email. Attached, please find an amended subpoena, noting the deposition date of December 7 at 8:30 a.m. at the law offices of Fennemore (the same location). Your documents will be due that day as well, although if you want to email them to us ahead of time so that you do not need to print everything please do so, or we can send you a link for uploading your files.

Please let us know if you would like us to personally serve this on you and, if so, a date, time, and location for us to arrange personal service.

Tony

Tony Fares
Fenwick | Associate | +1 415-875-2261 | afares@fenwick.com | Admitted to practice in California.

**From:** Ryan Hickman <kingsrborn@gmail.com>
**Sent:** Wednesday, November 23, 2022 8:58 AM
**To:** Raymond Pelayo <rpelayo@fenwick.com>
**Cc:** Kimberly Culp <KCulp@fenwick.com>; Anthony Fares <AFares@fenwick.com>
**Subject:** Re: Yuga Labs v. Ripps et al - Hickman Subpoena

**\*\* EXTERNAL EMAIL \*\***

Good day.

I will be traveling over holiday. I am available 6 & 7 of December.

Thanks.

# UNITED STATES DISTRICT COURT
for the
## Central District of California

| | | |
|---|---|---|
| Yuga Labs, Inc., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:22-cv-04355-JFW-JEM |
| | ) | |
| Ryder Ripps and Jeremy Cahen, | ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: **Ryan Hickman**
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, Henderson, NV 89012
*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Fennemore<br>9275 W Russell Road, Suite 240<br>Las Vegas, NV 89148 | Date and Time: December 7, 2022<br>8:30 a.m. |
|---|---|

The deposition will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
**Please see Attachment A.**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **November 23, 2022**

| *CLERK OF COURT* | OR | */s/ Eric Ball* |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Yuga Labs, Inc.**, who issues or requests this subpoena, are:
Eric Ball (email: eball@fenwick.com)
Fenwick & West LLP, 801 California Street, Mountain View, CA 94041 (650) 988-8500

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

# DEFINITIONS

1. The terms "plaintiff" or "Yuga Labs" refer to plaintiff Yuga Labs, Inc., its predecessors, successors, parents, subsidiaries, divisions, officers, principals, employees, agents, representatives, and attorneys, and all other persons, forms, or corporations acting or purporting to act on their behalf or under its control.

2. The terms "you" or "your" mean Ryan Hickman, his employees, agents, representatives, and attorneys, and all other persons, forms, or corporations acting or purporting to act on his behalf or under his control.

3. The term "this action" refers to *Yuga Labs, Inc. v. Ryder Ripps, et al.*, United States District Court, Central District of California, Case No. 2:22-cv-04355-JFW-JEM.

4. The term "NFT" means non-fungible token.

5. The term "BAYC NFTs" refers to the collection of 10,000 non-fungible tokens, created on the Ethereum blockchain via smart contract 0xBC4CA0EdA7647A8aB7C2061c2E118A18a936f13D, viewable at https://etherscan.io/address/0xbc4ca0eda7647a8ab7c2061c2e118a18a936f13d, including any NFT within this collection.

6. The term "RR/BAYC NFTs" refers to the collection of non-fungible tokens, created on the Ethereum blockchain via smart contract

0x2EE6AF0dFf3A1CE3F7E3414C52c48fd50d73691e, viewable at

https://etherscan.io/address/0x2ee6af0dff3a1ce3f7e3414c52c48fd50d73691e,

including any NFT within this collection.

    7.    The term "RR/BAYC Smart Contract" refers to the Ethereum blockchain smart contract 0x2EE6AF0dFf3A1CE3F7E3414C52c48fd50d73691e, viewable at:

https://etherscan.io/address/0x2ee6af0dff3a1ce3f7e3414c52c48fd50d73691e.

    8.    The term "RR/BAYC RSVP Smart Contract" refers to the Ethereum blockchain smart contract 0xEE969B688442C2d5843Ad75f9117b3ab04b14960 viewable at:

https://etherscan.io/address/0xee969b688442c2d5843ad75f9117b3ab04b14960.

    9.    The term "crypto address" means any wallet address, cryptographic public key, or other identifier used to send or receive NFTs, cryptocurrency, or other digital tokens on the blockchain.

    10.    The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

    11.    The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

12. The term "including" shall be construed to mean including but not limited to.

13. The terms "regarding," "relating to," "related to," and/or "referring to" mean concerning, constituting, containing, embodying, evidencing, reflecting, identifying, incorporating, summarizing, mentioning, dealing with, supporting, or in any way pertaining to the particular request.

14. The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these requests.

15. The terms "any" and "each" should be understood to include and encompass "all."

16. The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

17. The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

## INSTRUCTIONS

1. The subpoena served upon you commands you to produce all responsive documents in your possession, custody, or control, including your attorneys, agents, representatives, or employees.

2.	Pursuant to Federal Rule of Civil Procedure 45(e)(1), you are to provide documents responsive to this subpoena as they are kept in the ordinary course of business or can organize and label the documents to correspond with the categories set forth below.

3.	Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

4.	Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to insure that the source of each document may be determined, if necessary.

5.	File folders with tabs or labels or directories of files identifying documents called for by these requests must be produced intact with such documents.

6.	Documents attached to each other shall not be separated.

7.	Should you seek to withhold any document based on some limitation of discovery (including but not limited to a claim of privilege), supply a list of the documents for which limitation of discovery is claimed, indicating:

    a.	The identity of each document's author, writer, sender, or initiator;

    b.    The identity of each document's recipient, addressee, or person for whom it was intended;

    c.    The date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if no date appears on the document;

    d.    The general subject matter as described on each document, or, if no such description appears, then some other description sufficient to identify the document; and

    e.    The claimed grounds for limitation of discovery.

8.    If your response to a particular demand is a statement that you lack the ability to comply with that demand, you must specify whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that document or category of document must be identified.

9.    To the extent permitted and authorized by law, these document requests shall be deemed continuing so as to require further and supplemental responses and production if you obtain additional documents between the time of initial production and the time of hearing or trial.

# DOCUMENT REQUESTS

## DOCUMENT REQUEST NO. 1:

All Discord communications from January 2022 to present related to RR/BAYC NFTs, BAYC NFTs, and/or Yuga Labs.

## DOCUMENT REQUEST NO. 2:

All email communications from January 2022 to present related to RR/BAYC NFTs, BAYC NFTs, and/or Yuga Labs.

## DOCUMENT REQUEST NO. 3:

All Telegram communications from January 2022 to present related to RR/BAYC NFTs, BAYC NFTs, and/or Yuga Labs.

## DOCUMENT REQUEST NO. 4:

All Signal communications from January 2022 to present related to RR/BAYC NFTs, BAYC NFTs, and/or Yuga Labs.

## DOCUMENT REQUEST NO. 5:

All non-public Twitter communications from January 2022 to present related to RR/BAYC NFTs, BAYC NFTs, and/or Yuga Labs.

## DOCUMENT REQUEST NO. 6:

All Text or SMS messages from January 2022 to present related to RR/BAYC NFTs, BAYC NFTs, and/or Yuga Labs.

**DOCUMENT REQUEST NO. 7:**

All source code related to RR/BAYC NFTs, including concerning the RR/BAYC Smart Contract, RR/BAYC RSVP Smart Contract, rrbayc.com, and/or apemarket.com.

**DOCUMENT REQUEST NO. 8:**

All documents from January 2022 to present related to RR/BAYC NFTs, BAYC NFTs, and/or Yuga Labs, including any stored in a Google drive.

**DOCUMENT REQUEST NO. 9:**

Documents sufficient to show any voice-to-voice conference with Defendant Ripps, Defendant Cahen, and/or Tom Lehman related to the RR/BAYC Smart Contract, RR/BAYC RSVP Smart Contract, RR/BAYC NFTs, BAYC NFTs, and/or Yuga Labs.

**DOCUMENT REQUEST NO. 10:**

Documents sufficient to show every crypto address used by you to send, receive, or transfer funds related to any BAYC NFT or RR/BAYC NFT.

**DOCUMENT REQUEST NO. 12:**

Documents sufficient to show your revenue, gross profits, and/or net profits from the sale of RR/BAYC NFTs.