UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YUGA LABS INC., <br>     Plaintiff(s), <br> v. <br> RYDER RIPPS, et al., <br>     Defendant(s). | Case No. 2:23-cv-00010-APG-NJK <br><br> **Order** <br><br> [Docket No. 10] |

Pending before the Court is Plaintiff's motion to compel non-party Ryan Hickman's compliance with a subpoena. Docket No. 10; *see also* Docket No. 12 (redacted version).[1] The motion to compel is supported by the declaration of Kimberly Culp. Docket No. 11; *see also* Docket No. 13 (redacted version). The motion to compel was served on Hickman on January 13, 2023. Docket No. 14.[2] The deadline to respond to the motion to compel has expired. *See* Local Rule 7-2(b). Hickman has consented to the granting of the motion to compel by failing to respond to it. Local Rule 7-2(d). The motion to compel is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to compel is **GRANTED**.

**I.  BACKGROUND**

On June 24, 2022, Plaintiff filed suit in federal district court in the Central District of California alleging that Defendants Ripps and Cahen violated the federal laws on false designation

---

[1] The Court cites herein to the pagination provided by CMECF, which differs from the native pagination in the motion practice.

[2] Because this is a miscellaneous action centered on the subpoena motion practice, the Court employs Rule 4 of the Federal Rules of Civil Procedure with respect to service. *See Rosiere v. United States S.E.C.*, 2010 WL 419440, at *1 (D. Nev. Jan. 29, 2010) (indicating that a motion to quash a subpoena "is an initial pleading that should [be] served according to the provisions of Rule 4 of the Federal Rules of Civil Proceeding"). On January 13, 2023, the motion to compel was served on Hickman by leaving it with his adult daughter at his usual place of abode. *See* Docket No. 14; *see also* Fed. R. Civ. P. 4(e)(2)(B).

1

of origin and false advertising, as well as related violations, regarding Non-Fungible Tokens known as Bored Ape Yacht Club. Docket No. 13-1.

Non-party Hickman resides in Henderson, Nevada. *See* Docket No. 14. On November 14, 2022, Plaintiff subpoenaed Hickman to appear for a deposition and to produce documents in Las Vegas, Nevada on November 28, 2022. Docket No. 13-11.[3] On November 23, 2022, Plaintiff served an amended subpoena that reflected December 7, 2022, as the date of the deposition and the deadline for the production of documents. Docket No. 13-4. On December 7, 2022, Hickman appeared for deposition, but did not produce any documents. Docket No. 13 at ¶ 20. Conferral efforts ensued. *Id.* at ¶¶ 20-21. On December 20, 2022, Hickman produced a PDF of Discord chat screenshots and two folders of source code. *Id.* at ¶ 23. Unsatisfied with the efforts made by Hickman, Plaintiff initiated this miscellaneous action to compel Hickman to produce responsive documents and to provide further testimony regarding those documents. Docket No. 10 at 8.

## II.  STANDARDS

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Nonetheless, a party may move to compel compliance with a subpoena in the court where the discovery is sought. Fed. R. Civ. 37(a)(2). Non-party discovery is limited to any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *see also ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 530 (N.D. Cal. 2015) (the scope of third-party discovery is subject to the same limitations). The subpoenaed person bears the burden of showing why the disputed discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 2019 WL 7489860, at *1 (D. Nev. Dec. 20, 2019) (citing *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966)).

## III.  ANALYSIS

Hickman has responded to Plaintiff's subpoena efforts with a paltry production of documents. *See* Docket No. 13 at ¶ 22; *see also* Docket No. 13-5 (response of September 29,

---

[3] Plaintiff earlier served Hickman with a subpoena to produce documents in Mountainview, California. Docket No. 13-2. That subpoena is not at issue in the current proceedings.

2022). Plaintiff has explained that the production made is incomplete in a variety of aspects. *See* Docket No. 10 at 9-13. Hickman did not respond to the motion, so the Court takes that showing as true. *See* Local Rule 7-2(d). As such, Plaintiff is entitled to an order requiring Hickman to produce responsive documents.[4]

## IV. CONCLUSION

For the reasons discussed more fully above, Plaintiff's motion to compel is **GRANTED**. Hickman must undertake a reasonable search for responsive documents and must provide Plaintiff with a declaration detailing the search efforts undertaken by March 14, 2023. *Cf. V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 366-67 (D. Nev. 2019). Hickman must also produce the responsive documents by March 14, 2023. Hickman must also sit for a further deposition lasting no more than two hours on a mutually agreeable date no later than March 28, 2023. Hickman is **CAUTIONED** that he must comply with this order and that failure to do so may result in the imposition of significant sanctions, including potentially a finding of contempt.

The Court **ORDERS** Plaintiff to serve a copy of this order on Hickman and to file a proof of service by February 21, 2023.

IT IS SO ORDERED.

Dated: February 14, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] The motion includes a request to hold Hickman in contempt. Docket No. 10 at 9-10. That is a serious request that is not well-developed, *cf. Taddeo v. Am. Invsco Corp.*, 2015 WL 751072, *1 (D. Nev. Feb. 20, 2015), and was not filed separately as is required, Local Rule IC 2-2(b). As such, the Court expresses no opinion herein on that issue.