1   JOHN D. TENNERT III (NSB No. 11728)
    jtennert@fennemorelaw.com
2   FENNEMORE CRAIG P.C.
    9275 W. Russell Road, Suite 240
3   Las Vegas, NV  89148
    Telephone: 702.692.8000
4   Facsimile: 702.692.8099

5   ERIC BALL (CSB No. 241327)
    (*pro hac vice*)
6   eball@fenwick.com
    KIMBERLY CULP (CSB No. 238839)
7   (*pro hac vice*)
    kculp@fenwick.com
8   FENWICK & WEST LLP
    801 California Street
9   Mountain View, CA 94041
    Telephone: 650.988.8500
10  Fax: 650.938.5200

11  ANTHONY M. FARES (CSB No. 318065)
    (*pro hac vice*)
12  afares@fenwick.com
    ETHAN M. THOMAS (CSB No. 338062)
13  (*pro hac vice*)
    ethomas@fenwick.com
14  FENWICK & WEST LLP
    555 California Street, 12th Floor
15  San Francisco, CA 94104
    Telephone: 415.875.2300
16  Fax: 415.281.1350

17  Attorneys for Plaintiff
    YUGA LABS, INC.

18

19                    UNITED STATES DISTRICT COURT

20                          DISTRICT OF NEVADA

21  YUGA LABS, INC.,                        Case No.: 2:23-cv-00010-APG-NJK

22           Plaintiff and                  **[USDC, Central District of California
             Counterclaim Defendant,        Civil Case No. 2:22-cv-4355-JFW-JEM]**
23
        v.                                  **MEMORANDUM OF POINTS AND
24                                          AUTHORITIES IN SUPPORT OF
    RYDER RIPPS and JEREMY CAHEN,           PLAINTIFF YUGA LABS, INC.'S
25                                          MOTION FOR SANCTIONS AND AN
             Defendants and                 ORDER TO SHOW CAUSE RE
26           Counterclaim Plaintiffs.       CONTEMPT OF RYAN HICKMAN**

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

MEM. ISO MOTION FOR SANCTIONS AND ORDER TO          CASE NO.: 2:23-CV-00010-APG-NJK
SHOW CAUSE RE CONTEMPT

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................. 1

FACTUAL BACKGROUND .................................................................................. 1

ARGUMENT ......................................................................................................... 3

    A.    Mr. Hickman Violated a Clear and Specific Court Order. ................... 4

    B.    The Court Should Award Yuga Labs Attorney's Fees and Costs
        Incurred in Bringing this Motion. .......................................................... 6

CONCLUSION ....................................................................................................... 6

Fenwick & West LLP
Attorneys at Law

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*California Dep't of Soc. Servs. v. Leavitt*,
    523 F.3d 1025 (9th Cir. 2008) .................................................................3

*Forsythe v. Brown*,
    281 F.R.D. 577 (D. Nev. 2012), *report and recommendation adopted*, 2012
    WL 1833393 (D. Nev. May 18, 2012).....................................................4, 6

*Gen. Signal Corp. v. Donallco, Inc.*,
    787 F.2d 1376 (9th Cir. 1986) ..............................................................3, 4

*In re Dyer*,
    322 F.3d 1178 (9th Cir. 2003) .................................................................6

*Shillitani v. United States*,
    384 U.S. 364 (1966).................................................................................3

*Stone v. City and Cnty. of San Francisco*,
    968 F.2d 850 (9th Cir. 1992) ...................................................................4

*V5 Techs. v. Switch, Ltd.*,
    332 F.R.D. 356 (D. Nev. 2019).................................................................5

**STATUTES AND RULES**

Federal Rule of Civil Procedure 45(g).................................................................3

FENWICK & WEST LLP
ATTORNEYS AT LAW

**INTRODUCTION**

Plaintiff Yuga Labs, Inc. ("Yuga Labs" or "Plaintiff") submits this Memorandum of Points and Authorities and the accompanying declaration and exhibits attached thereto, in support of its Motion for Sanctions and an Order to Show Cause Regarding the Contempt of Ryan Hickman ("Motion"). For months, Mr. Hickman has failed to fully comply with his discovery obligations, thereby depriving Yuga Labs of critical information and causing Yuga Labs to incur unnecessary costs in seeking compliance. Mr. Hickman's conduct with respect to the instant Motion, specifically his unexcused violation of this Court's February 14, 2023 Order (ECF No. 29), is emblematic of Mr. Hickman's history of prejudicial behavior and merits a finding of civil contempt, an order to produce any remaining responsive documents that Mr. Hickman continues to withhold, and an award of costs and fees incurred in bringing this Motion.

**FACTUAL BACKGROUND**

On January 6, 2023, Yuga Labs filed a Motion to Compel requesting the Court to order Mr. Hickman to comply with a subpoena served on him on November 14, 2022 ("November Subpoena"). ECF No. 10. Mr. Hickman was served with the motion on January 13, 2023 (ECF No. 14), which he did not oppose.

On February 14, 2023, the Court granted Yuga Labs' Motion to Compel, requiring Mr. Hickman to "undertake a reasonable search for responsive documents and must provide Plaintiff with a declaration detailing the search efforts undertaken by March 14, 2023," "produce the responsive documents by March 14, 2023," and "sit for a further deposition lasting no more than two hours on a mutually agreeable date no later than March 28, 2023." ECF No. 29 at 3 ("Order"). The Order was properly served on Mr. Hickman on February 14, 2023. ECF. No. 31.

Having received no response from Mr. Hickman, on March 10, 2023, Yuga Labs emailed Mr. Hickman to remind him of his duty to comply with the Court's Order by March 14, 2023. Declaration of Kimberly Culp ("Culp Decl.") ¶ 6, Ex. 1. Again, having received no response from Mr. Hickman on or before March 14, Yuga Labs sent Mr. Hickman a letter on March 15, 2023, notifying him of his violation of the Court's Order and of Yuga Labs' intent to seek

sanctions against him, and requesting to meet and confer with Mr. Hickman to discuss potential reasonable compromises.  *Id.* ¶ 7, Ex. 2.

Mr. Hickman eventually responded on March 20, 2023, claiming that he searched for additional documents and concluded that he did not have any additional materials in his possession that were responsive to the November Subpoena.  *Id.* ¶ 8.  Mr. Hickman's response did not include a sworn declaration and was not otherwise made under penalty of perjury.  *Id.* That same day, Yuga Labs emailed Mr. Hickman requesting to meet and confer with Mr. Hickman.  *Id.* ¶ 9, Ex. 3.

The parties met and conferred on March 21, 2023 to discuss Mr. Hickman's non-compliance with the Court's Order.  *Id.* ¶ 10.  During this conference, Mr. Hickman agreed to conduct a search for responsive documents and provide a declaration detailing his search efforts by March 22, 2023.  *Id.*

Mr. Hickman's production on March 22, 2023 consisted of nine pages of miscellaneous screenshots of Discord messages, private Twitter messages, links to public Twitter communications, and other non-responsive documents.  *Id.* ¶ 11, Ex. 4.  This March 22 production did not contain messages from the private Discord channel between Mr. Hickman and Defendant Jeremy Cahen ("Cahen") or private text messages between them that Mr. Hickman admitted to having during his December 7, 2022 deposition.  *Id.*

The parties met and conferred again on March 23, 2023 to discuss the deficiencies in Mr. Hickman's March 22, 2023 production.  *Id.* ¶ 13.  Counsel for Yuga Labs identified specific documents that were plainly missing from Mr. Hickman's productions (e.g., the private Discord channel between Mr. Hickman and Cahen and private text messages with Defendants) and provided clear and narrow search parameters for Mr. Hickman regarding a search for these missing documents (e.g., private communications with the Defendants during the period inclusive of May and June 2022 for any messages relating to Ape Market, RR/BAYC, BAYC, Yuga Labs, or the lawsuit).  *Id.*  Mr. Hickman agreed to search for and provide the additional documents by March 24, 2023.  *Id.*

Mr. Hickman's second production of additional documents on March 24, 2023 consisted

FENWICK & WEST LLP
ATTORNEYS AT LAW

of three pages of miscellaneous screenshots of text messages with Defendant Ryder Ripps, one screenshot of non-responsive text messages with Cahen, and email communications with OpenSea. *Id.* ¶ 14, Ex. 5. This March 24 production once again failed to include messages from the private Discord channel between Mr. Hickman and Cahen or private text messages between them that Mr. Hickman admitted to having during his deposition on December 7, 2022. *Id.*

On March 24, 2023 counsel for Yuga Labs emailed Mr. Hickman yet again notifying him of the deficiencies in his March 24 production, requesting confirmation that he complied with the agreed-upon search parameters, and offering to meet with him to clarify the additional documents Mr. Hickman was obligated to produce. *Id.* ¶ 15, Ex. 6. Hearing no response, counsel for Yuga Labs followed up with Mr. Hickman on March 28, 2023 requesting that he search for and produce the missing documents by March 29, 2023. *Id.* ¶ 16.

On March 29, 2023, still having received no response from Mr. Hickman, Yuga Labs notified Mr. Hickman of its intent to request the Court to find him in contempt. *Id.* ¶ 17.

To date, Mr. Hickman has not provided any additional responsive documents. *Id.* ¶ 18.

### ARGUMENT

"There is no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *California Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). Civil contempt occurs when a party fails to comply with a court order after having notice of the order. *See Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986). "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Id.* at 1380.

In addition to the court's inherent power, Federal Rule of Civil Procedure 45(g) expressly authorizes a district court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Once the moving party demonstrates by clear and convincing evidence that the contemnor has violated a clear and specific court order, the burden shifts to the contemnor to demonstrate that they took

FENWICK & WEST LLP
ATTORNEYS AT LAW

every reasonable step to comply, and to articulate reasons why compliance was not possible.  *See Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. 2012), report and recommendation adopted, 2012 WL 1833393 (D. Nev. May 18, 2012).  To assess the extent to which the contemnor has taken "every reasonable step" to comply with the court order, the court can consider "(1) a history of noncompliance and (2) failure to comply despite the pendency of a contempt motion."  *Id*.  "Intent is irrelevant to a finding of civil contempt and, therefore, good faith is not a defense."  *Stone v. City and Cnty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

### A.    Mr. Hickman Violated a Clear and Specific Court Order.

The Court's February 14 Order was clear and specific: Mr. Hickman was required to (1) "undertake a reasonable search for responsive documents and must provide Plaintiff with a declaration detailing the search efforts undertaken by March 14, 2023"; (2) "produce the responsive documents by March 14, 2023"; and (3) "sit for a further deposition lasting no more than two hours on a mutually agreeable date no later than March 28, 2023."  ECF No. 29 at 3. The Order included the Court's express warning that "Hickman is **CAUTIONED** that he must comply with this order and that failure to do so may result in the imposition of significant sanctions, including potentially a finding of contempt."  *Id.* (emphasis in original).  Mr. Hickman was served with the Order by email and mail through the United States Postal Service on February 14, 2023.  Culp Decl. ¶ 5; ECF. No. 31.  Further, on March 10, 2023, Yuga Labs reminded Mr. Hickman of his obligations under the Order and his deadline to comply.  Culp Decl. ¶ 6.  Despite the Court's clear instructions and Yuga Labs' ample provisions of notice, Mr. Hickman failed to comply by the March 14 deadline.  This blatant violation of the Court's Order on its own justifies a finding of contempt.  *See Gen. Signal Corp.* 787 F.2d at 1379.

Adding to the contempt, even after Yuga Labs repeatedly attempted in good faith to resolve this matter with Mr. Hickman without the Court's intervention, Mr. Hickman still failed to fulfill his obligations to the extent required by the Order.  Culp Decl. ¶¶ 6-18.  Mr. Hickman's productions on March 22, 2023 and March 24, 2023 are plainly deficient in that the piecemeal screenshots provided do not reflect the key documents and information he admitted to having during his deposition on December 7, 2022.  *Id.* ¶¶ 11, 14.  For example, the two productions

FENWICK & WEST LLP
ATTORNEYS AT LAW

contain no trace of the private Discord channel with Cahen or the private text messages with Cahen regarding this lawsuit.  *See* Culp Decl. ¶¶ 11, 14; Exs. 4,5; ECF No. 10 at 7.  Even more concerning is Mr. Hickman's continued denial that any additional responsive communications exist despite the fact that Defendants have produced some of the relevant communications with Mr. Hickman in response to similar document requests from Yuga Labs.  Culp Decl. ¶¶ 8, 12; *see also*, *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 367 (D. Nev. 2019) ("Plaintiff has identified documents obtained elsewhere that should have been included in any production from Ms. Folino arising from the search of her business email account. . . .  The existence of such documents produced from other sources raises significant concern about the completeness of the search conducted with respect to Ms. Folino's business email account.").

The documents Mr. Hickman continues to withhold or forthrightly and plainly explain, under oath, why he cannot produce them are critical to Yuga Labs' imminent trial against Defendants Ripps and Cahen.  Mr. Hickman, one of Ripps' and Cahen's alleged co-conspirators, collaborated with them to launch a "commercial" enterprise (the sale of infringing RR/BAYC NFTs) that is "misleading and confusing to consumers."  Culp Decl. Ex. 7 at 4, 6 (Order from Judge Walter denying Defendants' Motion to Stay).  His communications with them are directly relevant to the commercial nature of their business venture.  Indeed, one of their other co-conspirators, Thomas Lehman, has resolved his lawsuit with Yuga Labs, with a consent judgment, after producing volumes of documents that detail his involvement in Defendants' commercial scheme.  Culp Decl. Ex. 8 (Declaration of Thomas Lehman at ¶¶ 39-46) and Ex. 10 (Consent Judgment against Thomas Lehman).  In particular, Mr. Lehman's communications with Cahen have been particularly compelling as to the commercial nature of the scheme.  *See*, *e.g.*, Culp Decl. Ex. 8 at ¶¶ 13, 22, 27.  Indeed, Mr. Hickman's incomplete production is stark by comparison to the voluminous production of his co-developer and co-conspirator, Mr. Lehman, produced in response to a nearly identical subpoena.  Culp Decl. Ex. 8 at ¶¶ 39-46.  Mr. Hickman's own notably absent communications with Defendants are also crucial to Yuga Labs' proof that Defendants' infringement was intentional.[1]

---

[1] Yuga Labs has been pushing Defendants to produce their communications, but they too have

FENWICK & WEST LLP
ATTORNEYS AT LAW

Mr. Hickman cannot shirk his obligations under the Court's Order to produce these and any other responsive documents by making blanket, unsubstantiated claims that such documents have "nothing to do with BAYC, Yuga Labs, RR/BAYC, Ape Market, this litigation or similar." *See* Culp Decl. Ex. 4.  Mr. Hickman had a clear duty to produce all documents that fall within the scope of the November Subpoena or, at the very least, provide a sworn declaration detailing the reasonable search efforts that he undertook to lead him to conclude that a production was not possible.  Mr. Hickman has not fulfilled either of these obligations despite ample opportunity to do so, necessitating further and more serious intervention from the Court.

### B. The Court Should Award Yuga Labs Attorney's Fees and Costs Incurred in Bringing this Motion.

Mr. Hickman's history of withholding highly relevant documents suggests a deliberate effort to derail discovery to prevent Yuga Labs from obtaining relevant documents to which it is entitled.  Yuga Labs has gone to great lengths to avoid burdening this Court with a contempt proceeding and resolve this amicably with Mr. Hickman, but Mr. Hickman's continued stonewalling has given Yuga Labs no choice but to proceed with this Motion, and in doing so, incur unnecessary costs and fees.  Accordingly, the Court should require Mr. Hickman to compensate Yuga Labs for losses incurred in connection with this Motion.  *See In re Dyer*, 322 F.3d 1178, 1195 (9th Cir. 2003) (holding that attorneys' fees and costs are "an appropriate component of a civil contempt award"); *Forsythe*, 281 F.R.D. at 593 (ordering an award of attorneys' fees and costs incurred in connection with the contempt motion).

### CONCLUSION

For the foregoing reasons, Yuga Labs respectfully requests that the Court order Mr. Hickman to show cause why he should not be found in civil contempt, order Mr. Hickman to produce any remaining responsive documents that he continues to withhold or provide a sworn declaration detailing his search and explaining why such production is not possible, and award

---

not been forthcoming in their productions.  There is a pending request to Magistrate Judge McDermott to resolve their non-compliance with the court's orders.  Culp Decl. Ex. 9 (Yuga Labs Status Report).  Nonetheless, in this litigation, the productions of third parties have been critical to revealing the documents that exist and are being withheld by the Defendants.  *See id.* at 2:26-3:11.  Therefore, Yuga Labs has a compelling need to receive full compliance from Mr. Hickman of this Court's Order.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Yuga Labs costs and fees incurred in connection with this Motion.


Dated:    April 7, 2023                    FENNEMORE CRAIG P.C.


                                           By: */s/ John D. Tennert III*
                                                JOHN D. TENNERT III (NSB 11728)

                                                and

                                                FENWICK & WEST LLP

                                                ERIC BALL (CSB 241327)
                                                KIMBERLY CULP (CSB 238839)
                                                ANTHONY M. FARES (CSB 318065)
                                                ETHAN M. THOMAS (CSB 338062)


                                                *Attorneys for Plaintiff Yuga Labs, Inc.*

FENWICK & WEST LLP
ATTORNEYS AT LAW

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2023, I served a true and correct copy of the following documents were served via email and U.S. mail:

- MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF YUGA LABS, INC.'S MOTION FOR SANCTIONS AND AN ORDER TO SHOW CAUSE RE CONTEMPT OF RYAN HICKMAN
- DECLARATION OF KIMBERLY CULP IN SUPPORT OF PLAINTIFF YUGA LABS, INC.'S MOTION FOR SANCTIONS AND AN ORDER TO SHOW CAUSE RE CONTEMPT OF RYAN HICKMAN

addressed as follows:

**Derek A. Gosma**
**Henry Michael Nikogosyan**
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue Suite 2400
Los Angeles, CA 90071
213-443-5308
Fax: 213-443-5400
Email: derek.gosma@wilmerhale.com
Henry.Nikogosyan@wilmerhale.com
*Attorneys for Defendants*

**Louis W. Tompros**
**Monica Grewal**
**Scott W. Bertulli**
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
617-526-6886
Fax: 617-526-5000
Email: louis.tompros@wilmerhale.com
monica.grewal@wilmerhale.com
scott.bertulli@wilmerhale.com
*Attorneys for Defendants*

Served via email, U.S. mail addressed as follows:

**Ryan Hickman**
Henderson, NV 89012
Email: kingsrborn@gmail.com

_____/s/ Susan Whitehouse_____
An Employee of Fennemore Craig, P.C.

FENWICK & WEST LLP
ATTORNEYS AT LAW