JOHN D. TENNERT III (NSB No. 11728)
jtennert@fennemorelaw.com
FENNEMORE CRAIG P.C.
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
Telephone: 702.692.8000
Facsimile: 702.692.8099

ERIC BALL (CSB No. 241327)
(*pro hac vice*)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
(*pro hac vice*)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
(*pro hac vice*)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
(*pro hac vice*)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

Attorneys for Plaintiff
YUGA LABS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YUGA LABS, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> RYDER RIPPS and JEREMY CAHEN, <br><br> Defendants and Counterclaim Plaintiffs. | Case No.: 2:23-cv-00010-APG-NJK <br><br> **REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AND AN ORDER TO SHOW CAUSE RE CONTEMPT OF RYAN HICKMAN** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fenwick & West LLP
Attorneys at Law

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................................ 1

II.  ARGUMENT ......................................................................................................................1

III. CONCLUSION................................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Boag v. MacDougall*,
    454 U.S. 364 (1982).................................................................................................1

*California Dep't of Soc. Servs. v. Leavitt*,
    523 F.3d 1025 (9th Cir. 2008) ..................................................................................1

*Eldridge v. Block*,
    832 F.2d 1132 (9th Cir. 1987) ..................................................................................1

*Forsythe v. Brown*,
    281 F.R.D. 577 (D. Nev. 2012).................................................................................2

*Gen. Signal Corp. v. Donallco, Inc.*,
    787 F.2d 1376 (9th Cir. 1986) ..................................................................................1

*Ghazali v. Moran*,
    46 F.3d 52 (9th Cir. 1995) ........................................................................................1

*Shillitani v. United States*,
    384 U.S. 364 (1966)..................................................................................................1

*Stone v. City and Cnty. of San Francisco*,
    968 F.2d 850 (9th Cir. 1992) ....................................................................................2

**STATUTES AND RULES**

Federal Rule of Civil Procedure 45(g).........................................................................1, 2

## I. INTRODUCTION

On April 7, 2023, Plaintiff Yuga Labs ("Plaintiff" or "Yuga Labs") filed with this Court a motion seeking sanctions and an order requiring Ryan Hickman to show cause why he should not be held in contempt ("Motion") for his disregard of this Court's authority and his continued indifference towards the proceedings in this case. On April 12, 2023, Mr. Hickman filed a letter to the Court ("Letter") but failed to deny the material allegations set forth in Yuga Labs' Motion. Although Mr. Hickman is *pro se*, he is still "bound by the same rules of procedure" that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Nonetheless, even if the court liberally construes Mr. Hickman's Letter as a properly filed opposition, the dispositive facts in Yuga Labs' Motion remain essentially uncontested. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)). Therefore, Yuga Labs respectfully requests that this Court order Mr. Hickman to show cause why he should not be found in civil contempt, order him to produce any remaining responsive documents that he continues to withhold or provide a sworn declaration detailing his search and explaining why such production is not possible, and award Yuga Labs costs and fees incurred in connection with its Motion.

## II. ARGUMENT

"There is no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *California Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). Civil contempt occurs when a party fails to comply with a court order after having notice of the order. *See Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986). "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Id.* at 1380.

In addition to the court's inherent power, Federal Rule of Civil Procedure 45(g) expressly authorizes a district court to "hold in contempt a person who, having been served, fails without

adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Once the moving party demonstrates by clear and convincing evidence that the contemnor has violated a clear and specific court order, the burden shifts to the contemnor to demonstrate that they took every reasonable step to comply, and to articulate reasons why compliance was not possible. *See Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. 2012), report and recommendation adopted, 2012 WL 1833393 (D. Nev. May 18, 2012). To assess the extent to which the contemnor has taken "every reasonable step" to comply with the court order, the court can consider "(1) a history of noncompliance and (2) failure to comply despite the pendency of a contempt motion." *Id.* "Intent is irrelevant to a finding of civil contempt and, therefore, good faith is not a defense." *Stone v. City and Cnty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

As set forth in Yuga Labs' opening brief, Mr. Hickman violated a clear and specific order of the Court to search for and produce all documents falling within the scope of the November Subpoena and provide a sworn declaration detailing his reasonable search efforts by March 14, 2023. *See* ECF No. 33 at 4-6; ECF No. 29 at 3. Specifically, Mr. Hickman failed to provide either documents or a sworn declaration by the court-ordered deadline, despite having ample notice of the Order and his obligations therein. ECF No. 31; Culp Decl. (ECF No. 33-1) ¶¶ 5, 6. Nothing in Mr. Hickman's Letter controverts this fact.

Additionally, Mr. Hickman has failed to meet his burden of demonstrating that he took every reasonable step to comply with the Court's Order. In fact, Mr. Hickman's Letter only confirms the egregiousness of his violation in that it proves that he has had notice of his obligations to produce documents since at least September 9, 2022, when he was personally served with Yuga Labs' first subpoena. *See* Letter Ex. 3. Mr. Hickman effectively admits that he ignored his obligations under this first subpoena, which put him in a similar position of contempt and necessitated the second subpoena ("November Subpoena") that was the subject of Yuga Labs' Motion to Compel (ECF No. 10). *See* Supplemental Culp Declaration ("Supp. Culp Decl.") ¶¶ 5, 6. Mr. Hickman's history of noncompliance speaks volumes and reveals a blatant disrespect for the obligations imposed on him by the law.

Moreover, in his Letter, Mr. Hickman once again admits to engaging in private communications with Defendants Ryder Ripps and Jeremy Cahen, which he has not produced to this day. Culp Decl. ¶¶ 11, 14. Mr. Hickman offers no explanation as to why the testimony that he provided under oath during his deposition on December 7, 2022 is not dispositive of the existence of these unproduced documents. Instead, Mr. Hickman incorrectly assumes that general denials regarding the relevance and scope of these documents, unaccompanied by a detailed declaration made under penalty of perjury, satisfy his obligations under the Court's Order. Such general denials are especially deficient given that Defendants have produced screenshots of the relevant communications with Mr. Hickman in response to similar documents requests from Yuga Labs. Culp Decl. ¶¶ 8, 12. Until Mr. Hickman provides the relevant documents or, at the very least, a sworn declaration plainly explaining why strict compliance with the Order is not possible, Yuga Labs can only conclude that Mr. Hickman is intentionally withholding critical information that is essential to its imminent trial against Defendants.

Mr. Hickman's tangential arguments about being overly burdened by this litigation are unwarranted and do not justify his contempt. Mr. Hickman's assertion that Yuga Labs' discovery requests are burdensome is particularly unpersuasive given the fact that Mr. Lehman, Mr. Hickman's counterpart and fellow co-conspirator in the business venture, produced substantially more documents than Mr. Hickman in response to a nearly identical subpoena. Culp Decl. Ex. 8 at ¶¶ 39-46. Indeed, it is in part through Mr. Lehman's own documents that Yuga Labs knows that Mr. Hickman's production is incomplete. Mr. Lehman possessed documents that are critical to Yuga Labs' prosecution of the case that it could have found only through its subpoena to Mr. Lehman (and his good faith compliance with it). It is thus critical that Yuga Labs receive a full production from Mr. Hickman of his responsive documents.

Additionally, to the extent that Mr. Hickman suggests that Yuga Labs is imposing unreasonable financial burdens on him because he did not receive compensation for his role in the business venture, such statements are patently false and directly contradicted by his own documents and sworn testimony. Supp. Culp Decl. ¶¶ 3, 4; Exs. A, B. Specifically, Mr. Hickman admitted to being paid fifteen percent of the proceeds of the sale of the infringing

RR/BAYC NFTs (approximately $191,863.70) as compensation for building the rrbayc.com website and RR/BAYC smart contract. *Id.* Mr. Hickman has not offered any meaningful explanation as to why he should not be sanctioned and required to repay Yuga Labs for its losses incurred in connection with its Motion.

Finally, contrary to Mr. Hickman's assertions that contempt is an "extreme position" in this case, his continued display of obstructive tactics is highly prejudicial to Yuga Labs and well-deserving of sanctions and a finding of contempt. Indeed, Yuga Labs has given Mr. Hickman every opportunity to comply with the same subpoena that Mr. Lehman complied with, not to bully or harass Mr. Hickman, but to try every effort to avoid bringing these issues to the Court's attention. *See also* Supp. Culp Decl. ¶¶ 4-6.

This Court expressly warned Mr. Hickman in its Order "that he must comply with th[e] order and that failure to do so may result in the imposition of significant sanctions, including potentially a finding of contempt." ECF No. 29 at 3. The time for compliance is now because Yuga Labs' trial against Defendants is set for June 27, 2023.

### III.   CONCLUSION

For the foregoing reasons, Yuga Labs respectfully requests that the Court order Mr. Hickman to show cause why he should not be found in civil contempt, order Mr. Hickman to produce any remaining responsive documents that he continues to withhold or provide a sworn declaration detailing his search and explaining why such production is not possible, and award Yuga Labs costs and fees incurred in connection with its Motion.

Dated:   April 19, 2023             FENNEMORE CRAIG P.C.

By: */s/ John D. Tennert III*
    JOHN D. TENNERT III (NSB 11728)

and

FENWICK & WEST LLP
ERIC BALL (CSB 241327)
KIMBERLY CULP (CSB 238839)
ANTHONY M. FARES (CSB 318065)
ETHAN M. THOMAS (CSB 338062)

*Attorneys for Plaintiff Yuga Labs, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2023, I served a true and correct copy of the following documents via email and U.S. Mail:

- **Reply in Support of Plaintiff's Motion for Sanctions and an Order to Show Cause Re Contempt of Ryan Hickman; and**

- **Supplemental Declaration of Kimberly Culp in Support of Plaintiff's Motion for Sanctions and an Order to Show Cause Re Contempt of Ryan Hickman**

addressed as follows:

| | |
|---|---|
| **Derek A. Gosma**<br>**Henry Michael Nikogosyan**<br>Wilmer Cutler Pickering Hale and Door LLP<br>350 South Grand Avenue, Suite 2400<br>Los Angeles, CA 90071<br><br>Email: derek.gosma@wilmerhale.com<br>          henry.nikogosyan@wilmerhale.com<br><br>*Attorneys for Defendants* | **Louis W. Tompros**<br>**Monica Grewal**<br>**Scott W. Bertulli**<br>Wilmer Cutler Pickering Hale and Door LLP<br>60 State Street<br>Boston, MA 01209<br><br>Email: louis.tompros@wilmerhale.com<br>          monica.grewal@wilmerhale.com<br>          scott.bertulli@wilmerhale.com<br><br>*Attorneys for Defendants* |

Served via email, and U.S. Mail addressed as follows:

**Ryan Hickman**
Henderson, NV 89012
Email: kingsrborn@gmail.com

                                                            */s/ Susan Whitehouse*
                                                            An Employee of Fennemore Craig, P.C.