JOHN D. TENNERT III (NSB No. 11728)
jtennert@fennemorelaw.com
FENNEMORE CRAIG P.C.
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
Telephone: 702.692.8000
Facsimile: 702.692.8099

ERIC BALL (CSB No. 241327)
(*pro hac vice*)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
(*pro hac vice*)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
(*pro hac vice*)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
(*pro hac vice*)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

Attorneys for Plaintiff
YUGA LABS, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YUGA LABS, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>RYDER RIPPS and JEREMY CAHEN,<br><br>Defendants and Counterclaim Plaintiffs. | Case No.: 2:23-cv-00010-APG-NJK<br><br>**SUPPLEMENTAL DECLARATION OF KIMBERLY CULP IN SUPPORT OF PLAINTIFF YUGA LABS, INC.'S MOTION FOR SANCTIONS AND AN ORDER TO SHOW CAUSE RE CONTEMPT OF RYAN HICKMAN** |

I, Kimberly Culp, declare:

1. I am an attorney admitted to practice in California and am an attorney with the law firm of Fenwick & West LLP, counsel for Plaintiff Yuga Labs, Inc. ("Plaintiff" or "Yuga Labs") in the above-captioned matter. I make this declaration based on my own personal knowledge. If called as a witness, I could testify competently to the facts set forth herein.

2. I submit this declaration in support of Yuga Labs' Reply in Support of its Motion for Sanctions and an Order to Show Cause re Contempt of Ryan Hickman ("Mr. Hickman").

3. In September 2022, in the matter of *Yuga Labs, Inc. v. Ryder Ripps and Jeremy Cahen*, Case No. 2:22-cv-04355-JFW-JEM (C.D. Cal.) ("*Ripps* matter"), my firm caused a subpoena to be served on Mr. Hickman for documents. I am counsel of record in the *Ripps* matter. Request No. 9 in that subpoena asked Mr. Hickman to produce "[d]ocuments sufficient to show royalties you earned from the sale of RR/BAYC NFTs."

4. On December 7, 2022, in the *Ripps* matter, I deposed Ryan Hickman regarding his involvement in Mssrs. Ripps' and Cahen's commercialization of the infringing RR/BAYC NFT. In particular, I questioned Mr. Hickman regarding his work developing the rrbayc.com website, the RR/BAYC RSVP smart contract software, and the Ape Market. (Attached hereto as **Exhibit A** is a true and correct copy of excerpts from that deposition.) I introduced Mr. Hickman's responses to the September 2022 subpoena as Exhibit 7 to his deposition (which were themselves incomplete and served after the deadline to respond). (Attached hereto as **Exhibit B** is a true and correct copy of an excerpt from Exhibit 7 to Mr. Hickman's deposition showing his response to Request No. 9 in response to the September 2022 subpoena.) In response to Request No. 9 to the September subpoena, Mr. Hickman responded that although he did not earn royalties, he was paid to make the rrbayc.com website and RR/BAYC RSVP smart contract software. Mr. Hickman confirmed at his deposition that he was paid 15% of the proceeds of the sale of the infringing RR/BAYC NFTs (net profit amounting to approximately $191,863.70).

5. Following Mr. Hickman's failure to comply with the September 2022 subpoena, he engaged counsel to assist him in responding. His counsel was also representing Thomas Lehman in connection with a nearly identical subpoena to the one served on Mr. Hickman.

Through his counsel, I gave Mr. Hickman an extension of time to respond to the September 2022 subpoena. As the deadline to respond was approaching, his counsel and I spoke, and Mr. Hickman's counsel told me that he would be withdrawing as Mr. Hickman's counsel because Mr. Hickman stopped responding to his calls and emails and, therefore, Mr. Hickman would not be able to comply with the subpoena by the date we had agreed on. Mr. Hickman's counsel thereafter sent me an email confirming his withdrawal as Mr. Hickman's counsel.

6. Therefore, in November 2022, I caused a second subpoena to be served on Mr. Hickman for nearly the same documents as were sought in the September 2022 and a deposition. That second subpoena is the subject of Yuga Labs' motion to compel.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on April 19, 2023.

*/s/ Kimberly Culp*
Kimberly Culp

**EXHIBIT LIST**

| Exhibit | Document | Pages |
|---|---|---|
| A. | Excerpts from Ryan Hickman's December 7, 2022 Deposition | 24 |
| B. | Excerpt from Exhibit 7 to Hickman's deposition showing his response to Request No. 9 in response to the September 2022 subpoena | 2 |

# Exhibit A

Excerpts from Ryan Hickman's December 7, 2022 Deposition

Exhibit A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

YUGA LABS, INC., )
)
Plaintiff, )
)
vs. )Case No.
)2:22-cv-04355-JFW-JEM
RYDER RIPPS and JEREMY )
CAHEN, )
)
Defendants. )
_____________________________)

CONFIDENTIAL
VIDEOTAPED DEPOSITION OF RYAN HICKMAN
Taken on Wednesday, December 7, 2022
By a Certified Stenographer and Legal Videographer
At 9:11 a.m.
At 9275 West Russell Road, Suite 240
Las Vegas, Nevada

Stenographically reported by:
Holly Larsen, NV CCR 680, CA CSR 12170

APPEARANCES:

For the Plaintiff:

FENWICK & WEST, LLP
BY: KIMBERLY I. CULP, ESQ.
BY: ANTHONY M. FARES, ESQ.
801 California Street
Mountain View, California 94041
650.988.8500
kculp@fenwick.com

For the Defendants:

WILMERHALE
BY: DEREK A. GOSMA, ESQ.
350 South Grand Avenue
Suite 2400
Los Angeles, California 90071
213.443.5300
derek.gosma@wilmerhale.com

The Legal Videographer:

SAMUEL CAMACHO

I N D E X


| WITNESS | PAGE |
|---|---|
| RYAN HICKMAN | |
| Examination by Ms. Culp | 10, 302 |
| Examination by Mr. Gosma | 275, 304 |


E X H I B I T S


| NUMBER | | PAGE |
|---|---|---|
| Exhibit 1 | Subpoena | 19 |
| Exhibit 2 | Subpoena | 21 |
| Exhibit 3 | Email chain | 22 |
| Exhibit 4 | Email | 30 |
| Exhibit 5 | Email chain | 33 |
| Exhibit 6 | Email | 33 |
| Exhibit 7 | Email | 34 |
| Exhibit 8 | Group chat | 41 |
| Exhibit 9 | Group chat | 46 |
| Exhibit 10 | Group chat | 51 |
| Exhibit 11 | Group chat | 57 |
| Exhibit 12 | Group chat | 62 |
| Exhibit 13 | Tweet | 67 |
| Exhibit 14 | Group chat | 72 |
| Exhibit 15 | Group chat | 75 |

| | | |
|---|---|---|
| Exhibit 16 | Group chat with Letter of Authorization | 87 |
| Exhibit 17 | Group chat | 90 |
| Exhibit 18 | Group chat | 94 |
| Exhibit 19 | Group chat | 96 |
| Exhibit 20 | Group chat | 103 |
| Exhibit 21 | Group chat | 125 |
| Exhibit 22 | Group chat | 130 |
| Exhibit 23 | Group chat | 135 |
| Exhibit 24 | Group chat | 141 |
| Exhibit 25 | Etherscan | 143 |
| Exhibit 26 | Group chat | 144 |
| Exhibit 27 | Web page | 146 |
| Exhibit 28 | Web page | 149 |
| Exhibit 29 | Web page | 153 |
| Exhibit 30 | Group chat | 155 |
| Exhibit 31 | Group chat | 158 |
| Exhibit 32 | Group chat | 162 |
| Exhibit 33 | Group chat | 168 |
| Exhibit 34 | Group chat | 170 |
| Exhibit 35 | Web page | 172 |
| Exhibit 36 | Etherscan | 174 |
| Exhibit 37 | Group chat | 179 |
| Exhibit 38 | Group chat | 183 |
| Exhibit 39 | Group chat | 187 |

| | | |
|---|---|---|
| Exhibit 40 | Group chat | 190 |
| Exhibit 41 | Group chat | 191 |
| Exhibit 42 | Group chat | 194 |
| Exhibit 43 | Tweet | 196 |
| Exhibit 44 | Group chat | 197 |
| Exhibit 45 | Tweet | 199 |
| Exhibit 46 | Tweet | 204 |
| Exhibit 47 | Group chat | 205 |
| Exhibit 48 | Group chat | 219 |
| Exhibit 49 | Group chat | 221 |
| Exhibit 50 | Group chat | 226 |
| Exhibit 51 | Group chat | 231 |
| Exhibit 52 | Group chat | 233 |
| Exhibit 53 | Group chat | 234 |
| Exhibit 54 | Group chat | 236 |
| Exhibit 55 | Group chat | 238 |
| Exhibit 56 | Group chat | 240 |
| Exhibit 57 | Group chat | 241 |
| Exhibit 58 | Group chat with Letter of Authorization | 244 |
| Exhibit 59 | Group chat | 246 |
| Exhibit 60 | Group chat | 250 |
| Exhibit 61 | Group chat | 250 |
| Exhibit 62 | Group chat | 251 |
| Exhibit 63 | Group chat | 252 |

| | | |
|---|---|---|
| Exhibit 64 | Group chat | 256 |
| Exhibit 65 | Group chat | 260 |
| Exhibit 66 | Group chat | 261 |
| Exhibit 67 | Group chat | 262 |
| Exhibit 68 | Group chat | 263 |
| Exhibit 69 | Group chat | 264 |
| Exhibit 70 | Group chat | 267 |
| Exhibit 71 | Group chat | 270 |
| Exhibit 72 | Etherscan | 270 |
| Exhibit 73 | Tweet | 272 |

P R O C E E D I N G S

-oOo-

THE VIDEOGRAPHER: Good morning. We are going on the record at 9:11 a.m., December 7, 2022.

Please note that the microphones are sensitive and may pick up whispering and private conversations. Please mute your phones at this time. Audio and video recording will continue to take place unless all parties agree to go off the record.

This is Media Unit 1 of the video-recorded deposition of Ryan Hickman taken by counsel for plaintiff in the matter of Yuga Labs, Inc., versus Ryder Ripps and Jeremy Cahen, filed in the United States District Court of the Central District of California, Case Number 2:22-CV-04355-JFW-JEM. The location of the deposition is 9275 West Russell Road, Suite 240, Las Vegas, Nevada.

My name is Samuel Camacho representing Veritext, and I am the videographer. The court reporter is Holly Larsen from the firm Veritext.

I am not authorized to administer an oath, I am not related to any party in this action,

nor am I financially interested in the outcome. If there are any objections to proceeding, please state them at the time of your appearance.

Counsel and all present, including remotely, will now state their appearances and affiliations for the record, beginning with the noticing attorney.

MS. CULP: Good morning. I'm Kimberly Culp with the law firm Fenwick & West representing Yuga Labs.

MR. FARES: Good morning. I'm Anthony Fares with the law firm Fenwick & West representing Yuga Labs.

MR. GOSMA: This is Derek Gosma of WilmerHale representing the Defendants, Mr. Ripps and Mr. Cahen.

THE VIDEOGRAPHER: Will the court reporter please swear in the witness and counsel may proceed.

Whereupon,

RYAN HICKMAN,

having been first duly sworn to testify to the truth, was examined, and testified as follows:

///

///

with a, I believe, PDF of the information that I collected.

Q. We will look at that document in a moment, but let me try a different question.

Does Exhibit 6, if you look at the dates and compare them between Exhibit 5 and Exhibit 6, refresh your recollection that by October 12th you were aware that Fenwick & West had taken the position that the documents you had already provided didn't sufficiently comply with the subpoena?

A. Say that again, please.

MS. CULP: Madam Court Reporter, can you read back the question.

(The question was read.)

THE WITNESS: I see. So I haven't seen these emails or read these emails. So the -- yeah, I haven't -- the emails that I didn't respond to are emails that I have never read before.

BY MS. CULP:

Q. You received but did not open in your inbox; correct?

A. Correct.

MS. CULP: Next in order is Exhibit 7.

(Exhibit 7 marked.)

///

BY MS. CULP:

Q. You had just mentioned an email that you sent with your documents. Is that Exhibit 7 that we've just put in front of you?

A. Correct.

Q. And that was the production that you made in response to the September subpoena which is Exhibit 2?

A. Correct.

Q. I want to go back to Exhibit 1. I know you're starting to accumulate the pile I warned you of. If you can find Exhibit 1 and get that in front of you.

A. Yes, I have it in front of me.

Q. Do you have Exhibit 1 in front of you?

A. Yes.

Q. Thank you. Can you please go to Attachment A. And the pages in Attachment A are numbered. I'd like you to turn to numbered page 6 of Attachment A to Exhibit 1. Numbered page 6.

A. Page 6.

Q. Are you there?

A. Yes, I am.

Q. Do you see Document Request Number 1?

A. Yes.

Q. What do you understand Document Request Number 1 to be seeking from you?
A. Some way for me to export information from Discord and provide it.
Q. Were there communications on Discord that relate to RR/BAYC NFTs, BAYC NFTs, or Yuga Labs?
A. Yes.
Q. I guess let's establish just some definitions. I think we're communicating with each other, but let's just make sure.
When I say "RR/BAYC NFTs," what do you understand?
A. I understand the specific contract address on the Ethereum blockchain for that project.
Q. And that project was called RR/BAYC NFT to sort of the public if you will?
A. Correct.
Q. And if I say "BAYC NFTs," what do those refer to?
A. A specific contract address on the Ethereum blockchain.
Q. And those are Bored Ape Yacht Club NFTs that were created by my client, Yuga Labs?
A. Correct.

Q. So you understand BAYC, the letters, to be the acronym for Bored Ape Yacht Club?

A. Correct.

Q. And do you know who Yuga Labs is?

A. Yes, I do.

Q. Okay. And you understand Yuga Labs to be the business behind Bored Ape Yacht Club?

A. Yes, I understand that.

Q. So going back to Request Number 1 that's on page 6 of Attachment A to Exhibit 1, there were Discord communications that you were a party to that related to, you know, one or all of the things that are listed here?

A. Yes.

Q. Tell me what those Discord communications were in terms of the channel, if the channel had a name, or to whom you might have been communicating with if it was a one-to-one communication.

A. There were communications with the creator, the development team, and -- so myself, Tom, Jeremy, and Ryder had a channel. I believe it had a name. I'm not certain if it had a name, but it was a group chat.

Then myself and Tom had a group chat, a

Q. The foundation contract for the RR/BAYC NFT?

A. Correct.

Q. You can turn back to what you had produced to us that's Exhibit 7.

A. Bear with me. Yes.

Q. It's your response to Document Request Number 9, if you can turn to that one. We're on the same page. So Exhibit 7, and then Document Request 9. It looks like you were at 6.

Do you see Document Request 9?

A. Yes.

Q. You write, "I earned zero royalties."

Can you help me unpack how you're using "royalties" in your response here versus how Mr. Cahen is using "royalties" in Exhibit 21?

Are the terms being used the same way, or is there different language being used by you in the one document and Mr. Cahen in the other?

A. I don't specifically know what "royalties" mean here. It says "Ryder's share of royalties." The project is zero percent royalties. I'm only making a guess that it's referring to the foundation contract that forces the royalties.

In this reference I'm specifically

stating that I'm a developer. I make software. I charge to make software. I have a record, a history, of charging to make the software. My financial arrangement for this whole thing is about as a software developer being compensated for making software.

Q. Your records show your sort of net payment was 142.35 ETH?

A. Yes.

Q. Do you recall what that translated to into dollars when you made the withdrawals?

A. I never actually withdrew those funds. That wallet was compromised.

Q. Can you explain that? What do you mean, "that wallet was compromised"?

A. I was developing something else, and I had a lot going on. I installed a package. It's a support software. And the package had a rat in it. A rat is a type of -- it's not a virus, but it's hidden malicious code that took the private keys from the deployment and took this and a whole lot more.

Q. The ETH out of your wallet?

A. Out of that wallet, yes.

Q. So the 142.35 ETH was transferred to you

and then stolen by somebody from that wallet?

A. Correct.

Q. Understood.

(Exhibit 22 marked.)

BY MS. CULP:

Q. Exhibit 22 has been placed in front of you. At the middle of 22 you'll see that Mr. Lehman writes on the 20th of May at 7:09 a.m., "There's the foundation royalties, though, when this sells on their marketplace."

A. I see.

Q. Is that consistent with your testimony that there were royalties built into the Foundation contract for the RR/BAYC NFTs?

A. There's not royalties in the Foundation NFT ERC 721 contract.

The Foundations are on -- the royalties are automatically enforced on Foundation's marketplace, which is a separate thing. And people who get the NFT choose where they want to sell it on a secondary market. It could include Foundation. So when it sold on Foundation, it produces a royalty.

Q. Understood.

A. But I don't know if that's what he's

order, and the protective order affords a third party the right to designate their documents as confidential. My suggestion is we take this offline and off the record. We'll need to meet and confer with that third party as to whether or not they will de-designate their documents. Then let's have that broader conversation, because it impacts the designation of this deposition.

MR. GOSMA: Understood. With that, I have nothing further. From my perspective, we can go off the record.

MS. CULP: From mine as well.

THE WITNESS: I had a quick question.

MR. GOSMA: Sure. We can answer it on the record, I suppose.

THE WITNESS: Am I allowed to have a copy of this?

MR. GOSMA: Yes, you will be able to get a copy of it.

THE WITNESS: Thank you.

THE VIDEOGRAPHER: And this concludes the deposition. We're going off the record at 6:27 p.m., and this concludes today's testimony given by Ryan Hickman. The total number of media used was eight and will be retained by Veritext.

Thank you.

(Proceedings concluded at 6:27 p.m.)

CERTIFICATE OF REPORTER

STATE OF NEVADA )
)SS
COUNTY OF CLARK )

I, Holly Larsen, a duly certified court reporter licensed in and for the State of Nevada, do hereby certify:

That I reported the taking of the deposition of the witness, Ryan Hickman, at the time and place aforesaid;

That prior to being examined, the witness was by me duly sworn to testify to the truth, the whole truth, and nothing but the truth;

That I thereafter transcribed my shorthand notes into typewriting and that the typewritten transcript of said deposition is a complete, true, and accurate record of testimony provided by the witness at said time to the best of my ability.

I further certify (1) that I am not a relative or employee of counsel of any of the parties; nor a relative or employee of the parties involved in said action; nor a person financially interested in the action; nor do I have any other relationship with any of the parties or with counsel of any of the parties involved in the action that may reasonably cause my impartiality to be questioned; and (2) that transcript review pursuant to FRCP 30(e) was requested.

IN WITNESS HEREOF, I have hereunto set my hand in the County of Clark, State of Nevada, this 21st day of December, 2022.

Holly Larsen

HOLLY LARSEN, CCR NO. 680

ERRATA SHEET

I declare under penalty of perjury that I have read the foregoing _____ pages of my testimony, taken on ______________ (date) at ___________________ (city), _____________ (state), and that the same is a true record of the testimony given by me at the time and place herein above set forth, with the following exceptions:

| Page | Line | Should read: | Reason for change: |
|---|---|---|---|
| ____ | ____ | ________________ | __________________ |
| ____ | ____ | ________________ | __________________ |
| ____ | ____ | ________________ | __________________ |
| ____ | ____ | ________________ | __________________ |
| ____ | ____ | ________________ | __________________ |
| ____ | ____ | ________________ | __________________ |
| ____ | ____ | ________________ | __________________ |
| ____ | ____ | ________________ | __________________ |
| ____ | ____ | ________________ | __________________ |
| ____ | ____ | ________________ | __________________ |
| ____ | ____ | ________________ | __________________ |
| ____ | ____ | ________________ | __________________ |
| ____ | ____ | ________________ | __________________ |
| ____ | ____ | ________________ | __________________ |

ERRATA SHEET (Continued)

| Page | Line | Should read: | Reason for change: |
|---|---|---|---|
| ____ | ____ | _________________ | ___________________ |
| ____ | ____ | _________________ | ___________________ |
| ____ | ____ | _________________ | ___________________ |
| ____ | ____ | _________________ | ___________________ |
| ____ | ____ | _________________ | ___________________ |
| ____ | ____ | _________________ | ___________________ |
| ____ | ____ | _________________ | ___________________ |
| ____ | ____ | _________________ | ___________________ |
| ____ | ____ | _________________ | ___________________ |
| ____ | ____ | _________________ | ___________________ |
| ____ | ____ | _________________ | ___________________ |
| ____ | ____ | _________________ | ___________________ |
| ____ | ____ | _________________ | ___________________ |
| ____ | ____ | _________________ | ___________________ |
| ____ | ____ | _________________ | ___________________ |
| ____ | ____ | _________________ | ___________________ |
| ____ | ____ | _________________ | ___________________ |

Date: ___________ ___________________________

Signature of Witness

___________________________

Name Typed or Printed

RYAN HICKMAN
260 Sidewinder Street, Henderson, NV 89012

DECEMBER 21, 2022

RE: YUGA LABS, INC. v. RYDER RIPPS

DECEMBER 7, 2022, RYAN HICKMAN, JOB NO. 5597850

The above-referenced transcript has been completed by Veritext Legal Solutions and review of the transcript is being handled as follows:

__ Per CA State Code (CCP 2025.520 (a)-(e)) – Contact Veritext to schedule a time to review the original transcript at a Veritext office.

__ Per CA State Code (CCP 2025.520 (a)-(e)) – Locked .PDF Transcript - The witness should review the transcript and make any necessary corrections on the errata pages included below, notating the page and line number of the corrections. The witness should then sign and date the errata and penalty of perjury pages and return the completed pages to all appearing counsel within the period of time determined at the deposition or provided by the Code of Civil Procedure.

__ Waiving the CA Code of Civil Procedure per Stipulation of Counsel - Original transcript to be released for signature as determined at the deposition.

__ Signature Waived – Reading & Signature was waived at the time of the deposition.

_X_Federal R&S Requested (FRCP 30(e)(1)(B)) – Locked .PDF Transcript - The witness should review the transcript and make any necessary corrections on the errata pages included below, notating the page and line number of the corrections. The witness should then sign and date the errata and penalty of perjury pages and return the completed pages to all appearing counsel within the period of time determined at the deposition or provided by the Federal Rules.

__ Federal R&S Not Requested - Reading & Signature was not requested before the completion of the deposition.

YUGA LABS, INC. v. RYDER RIPPS

RYAN HICKMAN, JOB NO. 5597850

E R R A T A   S H E E T

PAGE_____ LINE_____ CHANGE________________________

__________________________________________________

REASON____________________________________________

PAGE_____ LINE_____ CHANGE________________________

__________________________________________________

REASON____________________________________________

PAGE_____ LINE_____ CHANGE________________________

__________________________________________________

REASON____________________________________________

PAGE_____ LINE_____ CHANGE________________________

__________________________________________________

REASON____________________________________________

PAGE_____ LINE_____ CHANGE________________________

__________________________________________________

REASON____________________________________________

PAGE_____ LINE_____ CHANGE________________________

__________________________________________________

REASON____________________________________________

________________________________   _______________

WITNESS                                    Date

# Exhibit B

Excerpt from Exhibit 7 to Hickman's deposition showing his response to Request No. 9 in response to the September 2022 subpoena

Exhibit B

# Document Request 9

I earned zero royalties. There are no documents associated to any royalties. I was compensated for the development of a token reservation system. The gross total 158.28 ETH:

| Sender | Amount | Latest Date |
|---|---|---|
| 0xee969b688442c2d58... | 158.28 ETH $218144.53 | 2022-06-25 |

Of which 15.93 ETH was returned for gas cost:

| Sender | Amount | Latest Date |
|---|---|---|
| 0x592814ff14e030b51f6... | 15.93 ETH $26280.83 | 2022-07-27 |

Net to build reservation system: 142.35 ETH