**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

YUGA LABS INC.,

      Plaintiff(s),

v.

RYDER RIPPS, et al.,

      Defendant(s).

Case No. 2:23-cv-00010-APG-NJK

**Order**

[Docket No. 33]

Pending before the Court is Plaintiff's motion for a contempt finding, which seeks an order requiring further discovery efforts by non-party Ryan Hickman. Docket No. 33. Hickman filed a response in opposition. Docket No. 34. Plaintiff filed a reply. Docket No. 35. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **DENIED**.

## I. BACKGROUND

Plaintiff's motion was filed on April 7, 2023, seeking an order requiring further efforts from Hickman to provide discovery for Plaintiff's use in the underlying case pending in the Central District of California. *See, e.g.*, Docket No. 33 at 8-9 (seeking an order requiring "Mr. Hickman to produce any remaining responsive documents that he continues to withhold or provide a sworn declaration attesting to his search and explaining why such production is not possible").[1]  Of significance, the discovery period in the underlying case expired on April 3, 2023. *Yuga Labs, Inc. v. Ripps*, No. 2:22-cv-04355-JFW-JEM, Docket No. 57 at 35 (C.D. Cal. Oct. 21, 2022). The scheduling order in the underlying case makes clear that the discovery cutoff "**IS NOT THE DATE BY WHICH DISCOVERY REQUESTS MUST BE SERVED; IT IS THE DATE BY**

---

[1] The order at issue required Hickman to produce documents and provide a detailed recitation of his search efforts by March 14, 2023. Docket No. 29 at 3. The pending motion was filed nearly a month after that compliance deadline. On April 3, 2023, the Court indicated that it would administratively close this case unless further relief was sought by April 10, 2023. Docket No. 32. The Court did not opine therein on whether any further request would be timely.

1  **WHICH ALL DISCOVERY, INCLDUING EXPERT DISCOVERY, MUST BE**

2  **COMPLETED**.” *Id.* at 5 (emphasis in original).  The scheduling order further indicates that

3  “[a]ny motion challenging the adequacy of responses to discovery must be heard sufficiently in

4  advance of the discovery cut-off to permit the responses to be obtained before that date if the

5  motion is granted.” *Id.*  Trial is set in the underlying case for June 27, 2023. *Id.* at 35.

6  **II.    STANDARDS**

7  “District court oversight is encouraged to avoid ‘protracted discovery, the bane of modern

8  litigation.’” *Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 354 (D. Nev. 2019) (quoting

9  *Rosetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000)).  Nonparty discovery and related

10  motion practice are subject to the same deadlines as party discovery. *See, e.g., V5 Techs. v. Switch,*

11  *Ltd.*, 332 F.R.D. 356, 361-62 & n.5 (D. Nev. 2019).  The untimeliness of a discovery motion

12  warrants its denial regardless of the merits of the arguments raised. *KST Data, Inc. v. DXC Tech.*

13  *Co.*, 344 F. Supp. 3d 1132, 1136 n.1 (C.D. Cal. 2018).  Courts may raise the untimeliness of a

14  discovery motion *sua sponte*. *Garcia*, 332 F.R.D. at 354 n.2.

15  **III.    ANALYSIS**

16  As noted above, the instant motion is centered on Plaintiff's contention that Hickman's

17  prior discovery efforts have been inadequate and the motion seeks an order for further discovery

18  efforts.  Plaintiff's counsel's conferral discussions recognize that “April 3 is the last day of fact

19  discovery in our case,” Docket No. 33-1 at 19, and the scheduling order is crystal clear that it is

20  untimely to file a motion thereafter challenging the adequacy of discovery responses, *Yuga Labs,*

21  *Inc. v. Ripps*, No. 2:22-cv-04355-JFW-JEM, Docket No. 57 at 5.  Nonetheless, Plaintiff's motion

22  was filed after the discovery cutoff.[2]  Moreover, trial is now imminent and appears unlikely to be

23

24  [2] Although there are references within the papers as to the imminence of trial, *see* Docket No. 33 at 8 (referencing the “imminent trial”), the motion did not seek emergency review or

25  comply with the requirements for doing so, *see* Local Rule 26-6(d); *see* also Local Rule 7-4 (requiring those seeking emergency relief to, *inter alia*, entitle their motion an “Emergency

26  Motion” and advise the courtroom deputy of the filing of the motion so the Court has notice of the need for prompt resolution).  The Court generally resolves non-emergency motions in the order

27  they were filed, *see, e.g.*, *Mazzeo v. Gibbons*, 2010 WL 3020021, at *1 (D. Nev. July 27, 2010) (addressing non-emergency motion after it has “worked its way up the tall stack of other matters

28  on my desk”), so the motion is being resolved in the ordinary course at this time.

continued.  *See, e.g.*, Docket No. 33-1 at 40 (denying motion to stay given the then-imminent close of discovery and upcoming trial date).[3]  Hence, the motion is untimely pursuant to the scheduling order and is subject to denial on that basis.

**IV.    CONCLUSION**

Accordingly, the Court **DENIES** as untimely Plaintiff's motion for a contempt finding, which seeks an order requiring further discovery efforts by non-party Hickman.  The Clerk's Office is **INSTRUCTED** to close this case.

IT IS SO ORDERED.

Dated: May 31, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] Magistrate judges are generally not empowered to hold parties in contempt, so a contempt proceeding here would require a certification of facts to the district judge to hold a show cause hearing.  *See, e.g.*, 28 U.S.C. § 636(e)(6)(B)(iii); *see also Taddeo v. Am. Invsco Corp.*, 2015 WL 751072, at *2 (D. Nev. Feb. 20, 2015).  It is not clear how that process (with the envisioned goal of obtaining further discovery from Hickman) could be completed before the upcoming trial date.